IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY :
: CIVIL No. 02-2949
v. :
:
GOVERNOR MARK SCHWEIKER, et al. :

**O R D E R**

AND NOW, this        day of August 2002 , after consideration of plaintiffs' motion for leave to file a supplemental complaint and defendants' response thereto, it is ORDERED that the motion is DENIED.

Plaintiffs are prisoners at the State Correctional Institution in Graterford and move for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d). In their original complaint, seeking declaratory judgment and an injunction, plaintiffs sued five state and prison officials in an effort to prevent the implementation of a proposed prison policy that would have required prison officials to search incoming legal correspondences for contraband. Plaintiffs claimed, *inter alia*, that such a practice would have impeded their First Amendment right to access the courts. Subsequently, defendants voluntarily suspended implementation of the proposed practice, which was to begin on June, 24 2002,  in order to review and revise the proposal. A revised policy has not yet been promulgated and the prior one remains in effect.

Now, plaintiffs seek to file a supplemental complaint against approximately twenty-eight new defendants, seeking injunctive relief and claiming damages in excess of $100,000 for

alleged violations of their First and Eighth Amendment rights. None of these new claims appear to be related to the original claim. For example, plaintiff Fontroy contends that prison personnel illegally raided his cell on May 28, 2002 and confiscated legal materials and subjected him to disciplinary procedures in retaliation for grievances he began filing against prison officials before January 2002. Plaintiff Savage seeks damages and an injunction because prison officials confiscated nude pictures of his wife and prevented him from receiving magazines containing sexually explicit photography. Additionally, Savage claims that the heat in the dining halls violates the Eighth Amendment. Wheeler alleges Eighth Amendment violations for deliberate indifference to his medical needs from 2000 until 2002.

    I conclude that plaintiffs' proposed supplemental complaint contains new allegations that are completely unrelated to the original First Amendment claim and, therefore, will not grant leave for plaintiffs to file it. Federal Rule of Civil Procedure 15(d) provides in-part: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Although leave to file a supplemental complaint should be freely permitted in the absence of bad faith, dilatory tactics, prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading, Hassoun v. Cimmino, 126 F. Supp. 2d 353, 361 (D. N.J. 2000), citing Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir.1995), district courts have discretion to deny a supplemental complaint when it would raise new issues and unduly delay resolution of the case. See Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 743 (7th Cir. 1985); see also Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir.1979) (noting leave

to grant motion is discretionary).

In the present case, none of the plaintiffs' new allegations appear to share any underlying facts with the original access to the courts claim. Of all of the allegations, only Fontroy's First Amendment retaliation claim could be construed as tangentially related to the original complaint filed in this case. Even that claim, however, appears to derive from grievances that he asserted well-before the original complaint in this case was filed. Moreover, none of the new claims are related to each other, ranging from an alleged First Amendment right to receive pornography in prison to an Eighth Amendment claim asserting deliberate indifference to one plaintiff's medical needs. Addition of these new claims would unduly complicate this case by increasing the number of defendants by six-fold and perhaps detract from the revision process that defendants have undertaken. Therefore, I will deny the motion.

_____

THOMAS N. O'NEILL, JR., J.