IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO. 02-2949 |

## ORDER

AND NOW, this      day of           , 2003, it appearing either that this action is moot or that plaintiffs have not exhausted administrative remedies, it is ORDERED that this action is DISMISSED.

BY THE COURT:

_____
THOMAS N. O'NEILL, JR., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO. 02-2949 |

### DEFENDANTS' MOTION TO DISMISS FOR MOOTNESS
### OR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Defendants move the Court to dismiss this action either because it is moot or because plaintiffs have not exhausted administrative remedies as required by 42 U.S.C. § 1997e(a).

                D. MICHAEL FISHER
                ATTORNEY GENERAL


          BY: s/ John O. J. Shellenberger
             John O.J. Shellenberger
             Chief Deputy Attorney General
             Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:   (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO. 02-2949 |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

### STATEMENT OF THE CASE

Plaintiffs, four inmates under the custody of the Pennsylvania Department of Corrections, filed the Complaint on May 16, 2002. It requests that the Court declare unconstitutional portions of a proposed Pennsylvania Department of Corrections policy regarding mail sent to inmates by attorneys and courts. The challenged policy was to go into effect June 24, 2002. It provided that, in general, each correctional facility's mailroom staff would open all incoming inmate correspondence in a mailroom, inspect it for contraband, then deliver it to the inmate addressee. It provided a different procedure for what it defined as "incoming sealed or privileged correspondence." This was material that had been hand delivered by an attorney to a Department of Corrections facility and searched in the presence of the person making the delivery. This mail was then to be sealed, delivered to the inmate, and opened again only in the inmate's presence.

Defendants moved to dismiss the Complaint for failure to state a case or controversy and failure to state a claim upon which relief may be granted. As

stated in that Motion, implementation of the policy referenced in the Complaint was delayed. It did not go into effect on June 24, 2002. On July 30, 2002, Plaintiffs moved for a stay of proceedings, which Defendants did not oppose.

Despite their Motion for Stay, Plaintiffs attempted to amend their Complaint to add averments and claims unrelated to those made in the original Complaint. The Court rejected these attempts to amend, "without prejudice to plaintiffs' right to file an amended complaint limited to the subject of Pennsylvania Department of Corrections policies regarding mail sent to inmates by attorneys and courts."

Plaintiffs appealed the Court's rejection of their attempts to file an amended complaint. The Court of Appeals dismissed the appeal and returned the record to this Court.

On September 24, 2002, while their appeal was pending, Plaintiffs filed a Motion for Emergency Temporary Restraining Order and Preliminary Injunction in which they alleged that the Department of Corrections was about to implement a new inmate mail policy, effective September 30, 2002. The Motion included a copy of that policy as its Exhibit A. Defendants responded to the Motion and also attached a copy of the new policy to their Response. The new policy, DC-ADM 803, shows that it was issued September 1, 2002, and became effective September 30, 2002.

The Inmate Mail and Incoming Publications Policy, DC-ADM 803, effective September 30, 2002, is the same as the policy that was to go into effect in June 2002, with one substantial exception. The new Policy expands the definition

of "incoming privileged correspondence" to include correspondence marked with an "attorney control number." Section VI.B.2.b. The Policy now provides that an attorney may obtain an attorney control number from the Department of Corrections. If the attorney places that control number on the envelope mailed through the Postal Service to an inmate, that mail will be unsealed in the presence of the inmate. Section VI.B.2.b.

Plaintiffs have not filed or asked to file an amended complaint regarding mail sent to inmates by attorneys and courts. The only complaint on file challenges the policy that did not go into effect.

The Department of Corrections has an Inmate Grievance System under which inmates may submit grievances about anything that touches their lives as inmates. DC-ADM 804, attached to Declaration of Tshanna Kyler, submitted as an attachment to this Motion. Disposition of a grievance may be appealed first to the facility manager (the superintendent), then to the Department's Office of Grievances and Appeals. None of the Plaintiffs have presented a grievance to the Office of Grievances and Appeals regarding the issuance or application of the DC-ADM 803 on Inmate Mail that became effective September 30, 2002. Declaration of Tshanna Kyler, attached.

ARGUMENT

I.    THE CLAIMS STATED IN THE ONLY FILED COMPLAINT ARE MOOT.

The Complaint challenges a policy that has never gone into effect and, since it was replaced, appears unlikely to go into effect. Even if the Complaint once

stated a live case or controversy with respect to that never effected policy, it states none now.[1]

To establish a justiciable case or controversy, a plaintiff must have suffered, be suffering, or be in imminent danger of suffering a real injury in fact. The injury must be caused by the allegedly illegal conduct of the defendant, and the court must be able to redress or prevent the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 2136 (1974). When a controversy lived because of prospective danger, and that prospective danger no longer exists, the court no longer has a controversy to hear; the case is moot. *DeFunis v. Odegaard*, 416 U.S. 312 (1974). That is, a case is moot when the plaintiff has not suffered, is not suffering, and is not in imminent danger of suffering a real injury caused by the allegedly illegal conduct of the defendants. *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-111 (1983); *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Weinstein v. Bradford*, 423 U.S. 147 (1975).

Here, the Complaint does not allege that Plaintiffs suffered any injury as a result of the Department of Corrections policy that was to go into effect June 24, 2002. It alleges only that they would suffer injury in the future when that policy went into effect. However, that policy has never gone into effect. A policy on inmate mail did go into effect on September 30, 2002, and it is similar in many ways

---

[1] In their initial Motion to Dismiss the Complaint, defendants argue that Plaintiffs state no case or controversy because they do not allege any underlying non-frivolous claims that are in imminent danger of injury. This remains a valid reason to dismiss this action, in addition to the reasons argued in the present Motion.

to the previous draft. However, it differs in one way of great significance to Plaintiffs' claims. It now permits attorneys to have their mail unsealed in Plaintiffs' presence simply by obtaining a control number and printing it on the envelope, as opposed to delivering the mail personally to a Department facility. The Complaint does not challenge this Policy. The Complaint was filed before this Policy was even issued.

This case cannot realistically go forward under the present Complaint. Plaintiffs have not amended their Complaint to challenge the policy that went into effect September 30, 2002, or more necessarily, the application of that policy to cause actual injury to any non-frivolous legal claims of any of the Plaintiffs. The Court cannot decide hypothetical cases. It should dismiss this action, without prejudice.

## II.   EVEN IF THIS ACTION IS NOT MOOT, IT MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

Even if the Court implies an amendment to the Complaint to challenge the DC-ADM 803 effective September 30, 2002, or even if Plaintiffs slip in an amended complaint challenging that Policy, this action still cannot proceed because Plaintiffs have failed to exhaust available administrative remedies for the claims they assert. The Court must still dismiss the action.

Federal law provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5

42 U.S.C. § 1997e(a).  Exhaustion is a pre-condition to suit.  *Ali Ahmed v. Dragovich*, 297 F.3d 201, 209, n. 9 (3d Cir. 2002).  While it is an affirmative defense, it may be raised on motion and considered on affidavits.  *Ray v. Kertes*, 285 F.3d 287, 295, n. 8 (3d Cir. 2002); Fed.R.Civ.P. 12(b)(6), 43(e).

    Plaintiffs' claims focus on the Department of Corrections policies on mail sent to them by attorneys and courts.  These policies are now stated in DC-ADM 803, effective September 30, 2002.  These are claims with respect to prison conditions as defined by § 1997e(a).  "Civil action with respect to prison conditions" is defined as:

> any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

18 U.S.C. § 3626(g)(2).  In *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000), *affd.* 532 U.S. 731 (2001), the court said that "conditions of confinement" complaints include those regarding "incomplete law libraries," which is an access to courts claim similar to Plaintiffs' claim here.  206 F.3d at 294.  The court then said that "the expansive and somewhat overlapping language Congress employed in § 3626(g)(2) must be read — naturally and in its proper context — to encompass all prisoner petitions."  206 F.3d at 295.  It rejected any attempt to separate conditions of confinement and use of force claims, holding that Congress defined "actions with respect to prison conditions" expansively.  206 F.3d at 297.  The Supreme Court has also recently held that excessive force claims are actions with respect to prison

conditions. *Porter v. Nussle*, 122 S.Ct. 983 (Feb. 26, 2002). If they are, claims regarding inmate receipt of mail are too.

Plaintiffs are prisoners confined in state correctional facilities.

The Department of Corrections has a grievance procedure, which is an available administrative remedy. DC-ADM 804, attached. The procedure permits an inmate to submit a written grievance regarding any problem or issue of concern arising during the course of confinement. DC-ADM 804 §§ IV.I, V. It requires relevant staff to respond to the grievance in writing and take or recommend action to resolve it. DC-ADM 804 § VI.B. It permits the inmate to appeal to the manager of the institution if dissatisfied with the initial response. DC-ADM 804 § VI.C. If the inmate is dissatisfied with the institution manager's response, he may appeal to the Department's Office of Grievances and Appeals. DC-ADM 804 § VI.D. Surely, Plaintiffs can use the Department of Corrections grievance procedure to ask the Department to change or interpret its policy regarding mail from attorneys and courts, and the Department could grant the relief requested. Even if the grievance procedure does not provide for the same relief as is available in a federal lawsuit, the procedure remains an available administrative remedy that must be pursued to conclusion before filing in federal court. *Booth v. Churner*, 532 U.S. 731 (2001) (requiring exhaustion of the Pennsylvania Department of Corrections procedure).

To exhaust administrative remedies, a prisoner must pursue his claim to the highest level of the administrative process before filing suit. *Ali Ahmed v. Dragovich*, 297 F.3d at 209; *Booth v. Churner*, 206 F.3d at 292, 293, 299; *Freeman*

*v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  Such an appeal is particularly important here where Plaintiffs question a Department policy.  If the inmate has not appealed to the highest level, the court must dismiss the suit.

Here, none of the Plaintiffs have taken a grievance regarding current DC-ADM 803 or its application to the highest level of the grievance process.  Until they do, they cannot institute an action in federal court regarding that Policy or its application.  The Court must dismiss this action, without prejudice to Plaintiffs' right to re-file after they have exhausted.  *Ali Ahmed v. Dragovich*, 297 F.3d at 209.

## CONCLUSION

The Court should dismiss this action, either because it is moot or because Plaintiffs have not exhausted their administrative remedies.

                                        D. MICHAEL FISHER
                                        ATTORNEY GENERAL

                          BY: s/ John O. J. Shellenberger
                                John O.J. Shellenberger
                                Chief Deputy Attorney General
                                Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:  (215) 560-1031

## CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that the foregoing Defendants' Motion to Dismiss for Mootness or Failure to Exhaust Administrative Remedies, with Declaration of Tshanna Kyler, has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that true and correct copies of the foregoing Defendants' Motion to Dismiss for Mootness or Failure to Exhaust Administrative Remedies, and Declaration of Tshanna Kyler, were mailed on January 7, 2003 by first class mail, postage prepaid, to:

   Derrick Dale Fontroy, AY-7513;
   Theodore B. Savage, CB-2674;
   Aaron Christopher Wheeler, BZ-2590
   State Correctional Institution
    at Graterford
   P.O. Box 244
   Graterford, PA 19426-0244

   James S. Pavlichko, DK-0199
   State Correctional Institution
    at Mahanoy
   301 Morea Rd.
   Frackville, PA 17932

                              D. MICHAEL FISHER
                              ATTORNEY GENERAL


                         BY:   s/ John O. J. Shellenberger
                              John O.J. Shellenberger
                              Chief Deputy Attorney General
                              Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:  (215) 560-1031