IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,  :  CIVIL ACTION

        Plaintiffs  :

v.  :

GOVERNOR MARK S. SCHWEIKER, et al.,:

        Defendants  :  NO. 02-2949

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2003, it is ORDERED that the Motion of Plaintiff James S. Pavlichko for Preliminary Injunction is DENIED.

BY THE COURT:

_____
TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,      :      CIVIL ACTION

        Plaintiffs      :

v.      :

GOVERNOR MARK S. SCHWEIKER, et al.,:

        Defendants      :      NO. 02-2949

## DEFENDANTS' ANSWER TO PLAINTIFF PAVLICHKO'S MOTION FOR PRELIMINARY INJUNCTION

    1.    Admitted that on May 16, 2002, plaintiffs filed a complaint requesting that the Court declare unconstitutional portions of a proposed Pennsylvania Department of Corrections policy regarding mail sent to inmates by attorneys and courts, which policy was scheduled to go into effect June 24, 2002.

    2.    Admitted.

    3.    Denied.

    4.    Admitted.

    5.    Denied.

    6(A).  Admitted that some time before April 2002, plaintiff James Pavlichko sought a transfer to an institution closer to his family home in Stillwater, Columbia County, Pennsylvania due to family hardship. Admitted that plaintiff Pavlichko's family sought the assistance of State Representative

John R. Gordner and Secretary of Corrections Jeffrey A. Beard. In all other respects, denied.

(B). Admitted that both State Representative Gordner and plaintiff's father, Michael Pavlichko, sent letters to Secretary Beard requesting that James Pavlichko be transferred to an institution closer to his family home due to family hardship. A copy of Michael Pavlichko's letter is in the Appendix to this Answer at Exhibit A.

(C). Admitted that Secretary Beard signed a letter to Representative Gordner dated April 2, 2002, a copy of which is attached to the Motion for Preliminary Injunction. Denied that this was the only response Secretary Beard made to the Pavlichko family's request for a transfer. Secretary Beard also wrote a letter to plaintiff's father dated April 4, 2002 in which he recommended that inmate James Pavlichko discuss the possibility of a transfer with his Unit Management Team. A copy of this letter is in the Appendix to this Answer at Exhibit B.

(D). Admitted.

(E). Admitted that copies of Secretary Beard's April 2, 2002 letter to Representative Gordner and Secretary Beard's April 4, 2002 letter to Michael Pavlichko were sent to Superintendent Vaughn. Admitted that on October 24, 2002, James Pavlichko was transferred to SCI Mahanoy. Denied that any Department of Corrections staff ever threatened James Pavlichko with a transfer; denied that his transfer fulfilled any threat; denied that the transfer

was in retaliation for pursuing any civil action. In fact, the transfer followed a further written request made by James Pavlichko on August 11, 2002 to his Unit Manager and Counselor, a copy of which is in the Appendix to this Answer at Exhibit C.

(F). Admitted that a copy of Secretary Beard's April 2, 2002 letter to Representative Gordner was sent to Superintendent Vaughn. Denied that this was the only correspondence sent to Superintendent Vaughn. Secretary Beard's office also sent to Superintendent Vaughn a copy of Michael Pavlichko's letter and Secretary Beard's April 4, 2002 response to that letter. Denied that the transfer was approved by Superintendent Vaughn alone. To the contrary, it was approved by James Pavlichko's unit management team and the SCI Graterford Deputy Superintendent for Facilities Management. Denied that Secretary Beard played any role in the consideration of James Pavlichko's transfer request, other than his letters referenced herein.

(G). Denied that Secretary Beard's April 2, 2002 letter was filed in the office of the persons at the Department of Corrections Central Office who review transfer requests.

7. Denied.

8. Denied.

(i). Denied.

(ii). Admitted that on February 19, 2003 officers at SCI Mahanoy searched James Pavlichko's cell for security reasons unrelated to any litigation.

3

Admitted that at that time, all of James Pavlichko's papers were removed temporarily to the SCI Mahanoy security office for review in connection with the security investigation. All of James Pavlichko's papers were returned to him the following day. Admitted that at sometime before February 19, 2003, Deputy Secretary of Corrections John S. Shaffer had authorized SCI Mahanoy Internal Security Officers to read James Pavlichko's mail, again, for security reasons unrelated to any litigation. In all other respects, denied.

    (iii).   Denied.

9.    Denied.

    (a).   Denied.

    (b).   Admitted that during the time that Deputy Secretary Shaffer's authorization has been in effect, an Internal Security Officer at SCI Mahanoy has read any mail sent by plaintiff Savage to James Pavlichko. In all other respects, denied.

    (c).   Denied that James Pavlichko's legal materials have been seized. Denied that the security investigation at SCI Mahanoy has hindered James Pavlichko's pursuit of any legal matters.

    (d).   Denied.

10.    Denied. To establish violation of a constitutional right through "retaliation," a prisoner must prove that he exercised a constitutional right and that the defendants subjected him to adverse action substantially motivated by the inmate's exercise of the constitutional right. *Crawford-El v. Britton*, 523

U.S. 574, 592, 593, 598 600 (1998); *Rauser v. Horn*, 241 F.3d 330, 333, 334 (3d Cir. 2001). Even if the prisoner proves these facts, the defendant can still defeat the claim by proving that the defendant would have taken the same action regardless of any protected activity. *Id.*

    11.    Denied.

    12, 13.  See response to paragraph 10 above.

    14.    The Court should deny this motion without hearing.

    15.    Defendants do not understand what "aforesaid actions" means. Denied that any actions taken by Department of Corrections staff regarding James Pavlichko need corrective action.

## **AFFIRMATIVE DEFENSES**

    1.    Some time before April 2002, plaintiff James Pavlichko asked staff at the State Correctional Institution at Graterford for a transfer to an institution closer to his family home in Stillwater, Columbia County, Pennsylvania.

    2.    On April 2, 2002, plaintiff's father, Michael Pavlichko, wrote to the Secretary of Corrections requesting that James Pavlichko be transferred to an institution closer to the family home, stating specifically, "my wife and I are elderly and in poor health, as a result, it is causing my family and I great hardship having my son so far away from our home region. Traveling such great distance to visit my son is very detrimental to my health." Michael

Pavlichko included a letter from his physician.  A true and correct copy of this correspondence is in the Appendix to this Answer at Exhibit A.

3. On April 4, 2002, Secretary of Corrections Beard replied to Michael Pavlichko and sent a copy of his reply to Graterford Superintendent Vaughn. Secretary Beard stated, "I recommend that your son again discuss the possibility of a transfer with his unit management team."  A true and correct copy of Secretary Beard's letter is in the Appendix to this Answer at Exhibit B.

4. On August 11, 2002, James Pavlichko wrote to his Unit Manager and Counselor at Graterford again requesting a transfer to an institution closer to his family home.  He referenced Secretary Beard's April 4, 2002 letter to his father and also included a copy of the letter from his father's physician, along with copies of letters from two State legislators.  A true and correct copy of James Pavlichko's August 11, 2002 letter, with its enclosures, is in the Appendix to this Answer at Exhibit C.

5. On August 27, 2002, relevant staff at Graterford met with James Pavlichko to consider his request for transfer.  James Pavlichko continued to request the transfer to be closer to his family.  A majority of the staff voted in favor of the request, and the Deputy Superintendent for Facilities Management and Superintendent Vaughn concurred.  A true and correct copy of the vote sheet (with the actual staff names and votes redacted) is in the Appendix to this Answer at Exhibit D.

6. On October 24, 2002, James Pavlichko was transferred to the State Correctional Institution at Mahanoy, which is located near Frackville, Schuylkill County, just off Route 81, a 55 mile drive from Stillwater, Pa. SCI-Graterford is located near Collegeville in Montgomery County, a 127 mile drive from Stillwater, Pa.

7. At no time before the transfer did James Pavlichko withdraw his request for a transfer from SCI Graterford to an institution closer to his family.

8. Defendants Mark Schweiker, Leslie Hatcher, and Kim Ulisny played no role of any kind in the transfer of James Pavlichko from SCI Graterford to SCI Mahanoy, or in the treatment of James Pavlichko at SCI Mahanoy.

9. Other than providing Superintendent Vaughn with copies of the correspondence referenced herein, Defendant Jeffrey A. Beard played no role in the transfer of James Pavlichko from SCI Graterford to SCI Mahanoy or in the treatment of James Pavlichko at SCI Mahanoy.

10. Defendant, Donald T. Vaughn has had no role in the treatment of James Pavlichko at SCI Mahanoy.

11. No Pennsylvania Department of Corrections staff have imposed any adverse action on James Pavlichko substantially motivated by any constitutionally protected activity by James Pavlichko.

12. James Pavlichko's transfer from SCI Graterford to SCI Mahanoy, and the security measures taken regarding James Pavlichko at SCI Mahanoy,

would have happened whether or not James Pavlichko ever engaged in any constitutionally protected activity.

13.     The preliminary injunction requested would excessively burden the Pennsylvania Department of Corrections' ability to manage its correctional institutions and to protect staff and inmates.

14.     Plaintiff Pavlichko has failed to exhaust administrative remedies on the claims he raises in his Motion for Preliminary Injunction as required by 42 U.S.C. § 1997e(a).

WHEREFORE, defendants request that the motion of James Pavlichko for Preliminary Injunction be denied.

D. MICHAEL FISHER
ATTORNEY GENERAL


BY:   s/ John O. J. Shellenberger
      John O.J. Shellenberger
      Chief Deputy Attorney General
      Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:  (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO. 02-2949 |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF PAVLICHKO'S MOTION FOR PRELIMINARY INJUNCTION

### STATEMENT OF THE CASE

Plaintiffs, four inmates under the custody of the Pennsylvania Department of Corrections, filed the original Complaint on May 16, 2002. It requested that the Court declare unconstitutional portions of a proposed Pennsylvania Department of Corrections policy regarding mail sent to inmates by attorneys and courts. The challenged policy was to go into effect June 24, 2002.

Defendants moved to dismiss the Complaint. As stated in Defendants' Motion, implementation of the policy referenced in the Complaint was delayed. It did not go into effect on June 24, 2002.

In July and August 2002, Plaintiffs twice attempted to amend their Complaint to add averments and claims unrelated to those made in the original Complaint. The Court rejected these attempts to amend, "without prejudice to plaintiffs' right to file an amended complaint limited to the subject of Pennsylvania Department of Corrections policies regarding mail sent to

inmates by attorneys and courts." *See* Orders dated August 14, 2002 and September 17, 2002 (Documents 15, 19).

On September 1, 2002, the Department of Corrections issued a new inmate mail policy, DC-ADM 803, effective September 30, 2002. It gave inmates and their attorneys more protection than the policy that had been scheduled to go into effect the previous June.

In January 2003, Plaintiffs filed an Amended Complaint challenging provisions of the inmate mail policy effective September 30, 2002, regarding mail sent to inmates by attorneys and courts. Defendants moved to dismiss the Amended Complaint for failure to state a claim and for failure to exhaust administrative remedies.

In early February 2003, plaintiff Wheeler filed a motion on his own for leave to file a supplemental complaint which would have asserted claims relating to a host of incidents personal to Wheeler and unrelated to the mail policy challenged in the Amended Complaint. By Order entered April 22, 2003, the Court denied the Motion.

Now, Plaintiff James Pavlichko has filed a Motion for Preliminary Injunction in which he too asserts claims unrelated to the claims made in the original and amended complaints. He claims that his October, 2002 transfer from the State Correctional Institution at Graterford to the State Correctional Institution at Mahanoy was motivated by his participation in the filing of the original Complaint. He also claims that in February 2003, his cell at SCI-

2

Mahanoy was searched and that the Department of Corrections' Deputy Secretary has authorized security officers to read his mail. He asks the Court to order the Secretary of Corrections to return him to SCI-Graterford, not search his cell, and not read his legal papers and mail from co-plaintiff Theodore Savage.

**ARGUMENT**

The Court should deny Plaintiff Pavlichko's Motion for Preliminary Injunction for the same reasons that the Court has previously refused to allow the plaintiffs to assert claims unrelated to the Complaint and Amended Complaint. The averments of the Motion do not arise out of the same transaction or occurrence as the facts alleged in the Amended Complaint. Moreover, the Motion makes accusations against persons who are not parties. This case would become unwieldy and confusing if the multiple plaintiffs were permitted to pursue their multiple unrelated claims in one proceeding. If they want to pursue their individual claims, they should each file new separate actions.

A proper motion for preliminary injunction seeks to preserve the status quo pending final determination of the merits. The motion must show reasonable likelihood of success on the merits, as well as immediate irreparable harm to the plaintiff in the absence of an injunction. *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3rd Cir. 1999). Here, the Motion for Preliminary Injunction does not show any likelihood of success on the merits of the claims

asserted in the Complaint and Amended Complaint.  It alleges facts and legal claims unrelated to the merits of the underlying case.  Similarly, it does not seek to maintain the status quo pending final disposition of the action.  It seeks an entirely different injunction than the injunction that would be entered if plaintiffs were to succeed in the underlying action.

Even if this were a new case in which Pavlichko was suing for violation of his constitutional rights through retaliation, the Court would have to deny his Motion because he would not have a reasonable likelihood of success on the merits.  He claims that his transfer from SCI-Graterford to SCI-Mahanoy in October 2002 was motivated by his participation in this action.  However, the historical record shows that Pavlichko was transferred because he pleaded for the transfer for family hardship reasons.  His father likewise pleaded for the transfer because his age and infirmities made visits to Graterford difficult.  Pavlichko's plea continued well after the Complaint in this action was filed.  The persons who approved the transfer bought the Pavlichko family plea for the reasons the family gave.  Pavlichko did not express any change of heart before the transfer.  SCI-Mahanoy, in northern Schuylkill County, is much more accessible to Pavlichko's family in Columbia County than SCI-Graterford, which is in central Montgomery County.

None of the defendants in this action work at SCI-Mahanoy.  Staff at SCI-Mahanoy would not know about this action, much less care.

4

To prove violation of a constitutional right through retaliation, a prisoner must prove that he engaged in constitutionally protected activity and that his defendants imposed adverse action on him substantially motivated by the prisoner's protected activity. *Crawford-El v. Britton,* 523 U.S. 574, 592, 593, 598, 600 (1998); *Rauser v. Horn,* 241 F.3d 330, 333 (3rd Cir. 2001). The prisoner must prove the motivation by specific, affirmative evidence. *Crawford-El,* 523 U.S. at 598, 600. Pavlichko does not proffer such evidence here.

Not only would Pavlichko have no likelihood of success in his hypothetical new case, the preliminary injunction requested would have to be denied because Pavlichko has not alleged sufficient harm. Residence at SCI-Mahanoy imposes no greater harm than residence at SCI-Graterford. Cell searches impose no significant harm; they are a normal and necessary part of prison life. *See Hudson v. Palmer,* 468 U.S. 517 (1984). Correctional staff may read inmate mail for security reasons, and reading alone causes the inmate no injury. *Gassler v. Wood,* 14 F.3d 406 (8th Cir. 1994); *Duamutef v. Hollins,* 297 F.3d 108 (2nd Cir. 2002); *O'Keefe v. Van Boening,* 82 F.3d 322 (9th Cir. 1996); *Beville v. Ednie,* 74 F.3d 210, 213, 214 (10th Cir. 1996); *Bryan v. Werner,* 516 F.2d 233, 239 (3rd Cir. 1975); *see Wolff v. McDonnell,* 418 U.S. 539, 576 (1974)(freedom from censorship is not equivalent to freedom from inspection or perusal).

Finally, the hypothetical motion for preliminary injunction would have to be denied because, if granted, it would excessively burden a vital public

5

agency's important operations. It would seriously interfere with the ability of the Department of Corrections staff to manage their institutions and keep them safe. Particularly in prison cases, the Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" when considering a preliminary injunction against prison officials. 18 U.S.C. § 3626(a)(2).

**CONCLUSION**

The Court should deny Plaintiff Pavlichko's Motion for Preliminary Injunction.

D. MICHAEL FISHER
ATTORNEY GENERAL

BY:  s/ John O. J. Shellenberger
John O.J. Shellenberger
Chief Deputy Attorney General
Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:  (215) 560-1031

## CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that the Defendants' Answer, Brief, and Exhibits in Opposition to Motion for Preliminary Injunction, has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that true and correct copies of the Defendants' Answer, Brief, and Exhibits in Opposition to Motion for Preliminary Injunction, were mailed on April 24, 2003 by first class mail, postage prepaid, to:

Derrick Dale Fontroy, AY-7513;
Theodore B. Savage, CB-2674;
Aaron Christopher Wheeler, BZ-2590
State Correctional Institution
 at Graterford
P.O. Box 244
Graterford, PA 19426-0244

James S. Pavlichko, DK-0199
State Correctional Institution
 at Mahanoy
301 Morea Rd.
Frackville, PA 17932

                          D. MICHAEL FISHER
                          ATTORNEY GENERAL

            BY:   s/ John O. J. Shellenberger
                    John O.J. Shellenberger
                    Chief Deputy Attorney General
                    Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940