IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,          :          CIVIL ACTION

       Plaintiffs          :

     v.          :

GOVERNOR MARK SCHWEIKER, et al.,          :

       Defendants          :          NO.    02-CV-2949

## <u>ORDER</u>

AND NOW, this          day of          2003, it is ORDERED that

Plaintiffs' Motion for Summary Judgment is DENIED.  This action is DISMISSED,

with prejudice.


BY THE COURT:


_____

TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,          :          CIVIL ACTION

                Plaintiffs          :

      v.          :

GOVERNOR MARK SCHWEIKER, et al.,          :

              Defendants          :          NO.    02-CV-2949

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF THE CASE

        After full briefing on Defendants' Motion to Dismiss the Amended Complaint, Plaintiffs have now filed a Motion for Summary Judgment. The Motion restates the positions Plaintiffs most recently took in responding to the Court's Order of May 1, 2003. In response to the Motion for Summary Judgment, Defendants primarily incorporate by reference their recently filed Response to Plaintiffs' Declaration Regarding Motion to Dismiss the Amended Complaint, as well as Defendants' previous filings in support of their Motion to Dismiss. However, Defendants take this opportunity to respond to several arguments that Plaintiffs have made since Defendants' last filing and to bring a recent U.S. Supreme Court decision to the Court's attention.

## ARGUMENT

1.    *Thornley v. Edwards,* **671 F.Supp. 339 (M.D.Pa.) has no value.**

        In their Motion for Summary Judgment and in their response to Defendants'

last filing, Plaintiffs rely heavily on the case of *Thornley v. Edwards,* 671 F.Supp.

339 (M.D. Pa. 1987), which they had not cited before.  That decision invalidated

federal Bureau of Prisons regulations on mail sent to inmates by attorneys.  As a

district court case, it has no precedential value to this Court, and it has been

superseded by later developments in the law.  It was decided before *Turner v.*

*Safley,* 482 U.S. 78 (1987), and it's holding and reasoning run contrary to the later

appellate decisions in *Martin v. Brewer,* 830 F.2d 76 (7th Cir. 1987); *U.S. v. Stotts,*

925 F.2d 83 (4th Cir. 1991); and *Henthorn v. Swinson,* 955 F.2d 351 (5th Cir. 1992)

all of which upheld the very same regulations.  This Court should ignore *Thornley*.

## 2.    Plaintiffs still allege no actual injury to any non-frivolous underlying claim sufficient to support an access to courts claim.

Plaintiffs have reasserted an access to courts claim.  It still has no merit for a

number of reasons, but initially because Plaintiffs allege no actual injury to any

non-frivolous underlying claims, much less the widespread injuries necessary to

sustain a challenge to a system-wide policy.  *Lewis v. Casey*, 518 U.S. 343 (1996);

*Christopher v. Harbury*,  112 S.Ct. 2179, 2186-88 (2002).  Plaintiffs Savage and

Pavlichko now attempt to assert injury to themselves, but the underlying cases to

which they refer show that they have suffered no injury.

Savage claims that he didn't receive a decision from the Court of Appeals in

his habeas corpus case and so couldn't file a Supreme Court petition for certiorari.

Even assuming the truth of his allegation and his implication that he would have

received the decision had the mail been opened in his presence, he suffered no

2

injury because the underlying claim was frivolous.  The Court of Appeals docket in the case, No. 02-2381, copy appended, shows that the Court entered an order on March 20, 2003 refusing to issue a certificate of appealability.  The refusal of the certificate shows that Savage failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Any petition for certiorari would have been frivolous.  Loss of a frivolous claim is no injury.  *Lewis v. Casey,* 518 U.S. 343, 351-353 (1996); *Hadix v. Johnson,* 182 F.3d 400, 405, 406 (6th Cir. 1999).

Pavlichko appears to claim that he did not receive an order granting him additional time to file a brief in response to a motion to dismiss a civil action in this Court, No. 02-8095.  However, the docket, copy attached, shows that Pavlichko filed a declaration in response to the motion within the time granted by the Court.  Even assuming that the Department of Corrections incoming mail opening policy somehow delayed Pavlichko's receipt of the court order, the policy caused Pavlichko no harm.

### 3.    Discovery responses show that SCI-Graterford has a safe inmate mail delivery system.

Plaintiffs complain that if mail is not opened in their presence, it gets lost or misdelivered.  Plaintiffs pursued discovery on this issue.  Their interrogatories and the Graterford superintendent's verified answers to them are appended.  They show that the internal mail delivery system at Graterford is rational and safe.  Non-privileged mail is opened in the mail room, inspected for contraband, stapled or taped shut, delivered in mail bags to housing unit officers, sorted on the housing

3

units by corrections officers, and delivered to each inmate's cell by a corrections

officer. *See* Answers to Interrogatories 2-8. Over a period of a year, Graterford

received only two grievances even speculating that incoming mail had been placed

in another inmate's cell. Answer to Interrogatory 10.

Of course, inmates can make delivery of their attorneys' mail even more

certain by asking them to get control numbers, if they don't already have them.

Then staff will unseal the mail in the presence of the inmate, inspect it for

contraband, and, if it passes inspection, hand it to the inmate.

**4.** *Overton v. Bazzetta,* **123 S.Ct. 2162 (2003) emphasizes the substantial rights**

**of prison administrators to regulate inmate contacts with persons outside prison.**

On June 16, 2003, the Supreme Court issued its decision in *Overton v.*

*Bazzetta,* 123 S.Ct. 2162, unanimously upholding limitations on the kind and

number of visitors a state prison inmate may have. Visitation, like mail, is a

method of contact with persons outside prison. Prisoners claim that the First

Amendment protects visitation, as Plaintiffs claim that the First Amendment

protects mail here. Prisons should have the right to restrict mail as they have the

right to restrict visits.

The majority opinion in *Overton* makes several statements that support the

validity of the mail regulations in question here. It notes that association is one of

the rights least compatible with incarceration. 123 S.Ct. 2167. It follows the line of

cases that began with *Turner v. Safley, supra.* holding that prison regulations that

restrict constitutional rights are valid if they bear a rational relation to legitimate

4

penological interests.  Prison administrators do not have the burden of proving their regulations valid; instead, prisoners have the burden of proving their invalidity. 123 S.Ct. at 2168.  The Court says that it "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means for accomplishing them."  123 S.Ct. at 2167.  The Court recognizes that internal security is the most legitimate penologic goal.  It recognizes that restrictions on contacts with the outside world legitimately reduce the flow of drugs into the prison.  It also recognizes valid prison interests in facilitating supervision of inmate activities and minimizing disruption in those activities.  123 S.Ct. 2168.  It holds that alternative forms of communication for inmates need not necessarily be available at all, and certainly need not be ideal. 123 S.Ct. at 2169.  Applied here, these principles make the challenged mail regulations valid.  Plaintiffs cannot meet their burden of proving them invalid.

**CONCLUSION**

The Court should deny Plaintiffs' Motion for Summary Judgment.  The Court should dismiss this action, with prejudice.

D. MICHAEL FISHER
ATTORNEY GENERAL

BY:   s/ John O. J. Shellenberger
      John O.J. Shellenberger
      Chief Deputy Attorney General
      Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:   (215) 560-1031

## <u>CERTIFICATE OF SERVICE</u>

I, John O. J. Shellenberger, hereby certify that the Defendants' Response to

Plaintiffs' Motion for Summary Judgment and its Appendix have been filed

electronically and is available for viewing and downloading from the ECF system.  I

further certify that true and correct copies of the Defendants' Response to Plaintiffs'

Motion for Summary Judgment and Appendix were mailed on July 1, 2003 by first

class mail, postage prepaid, to:

      Derrick Dale Fontroy, AY-7513;
      Theodore B. Savage, CB-2674;
      Aaron Christopher Wheeler, BZ-2590
      State Correctional Institution
       at Graterford
      P.O. Box 244
      Graterford, PA 19426-0244

      James S. Pavlichko, DK-0199
      State Correctional Institution
       at Mahanoy
      301 Morea Rd.
      Frackville, PA 17932

                        D. MICHAEL FISHER
                        ATTORNEY GENERAL

              BY:   s/ John O. J. Shellenberger
                      John O.J. Shellenberger
                      Chief Deputy Attorney General
                      Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:   (215) 560-1031