IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,              :        CIVIL ACTION

                    Plaintiffs             :

          v.                               :

GOVERNOR MARK SCHWEIKER, et al.,           :

                    Defendants             :        NO.   02-CV-2949

# APPENDIX TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

Docket, U.S. Court of Appeals, Savage v. Blaine, No. 02-2381

Docket, U.S. District Court, E.D. Pa., Pavlichko v. Nesbitt, No. 02-8095

Plaintiff Savage's First Set of Interrogatories to Donald T. Vaughn

Defendant Donald T. Vaughn's Objections and Answers to Plaintiff Savage's First Set of Interrogatories.

Home | PACER | Help

# General Docket
## US Court of Appeals for the Third Circuit

```
Court of Appeals Docket #: 02-2381                              Filed: 5/21/02
Nsuit: 3530  Prisoner: Habeas Corpus
Savage v. Blaine, et al
Appeal from: U.S. District Court for the Middle District of Pennsylvania

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0314-3 : 01-cv-00476
    Trial Judge: William W. Caldwell, District Judge
    Date Filed: 3/16/02
    Date order/judgment: 5/7/02
    Date NOA filed: 5/16/02
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: In Forma Pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
  None
Current cases:
  None


Docket as of March 21, 2003 4:05 pm                  Page 1
```

---

```
02-2381  Savage v. Blaine, et al

THEODORE B. SAVAGE #CB-2674        Theodore B. Savage #CB-2674
       Appellant                   [NTC pro]
                                   Graterford SCI
                                   P.O. Box 244
                                   Graterford, PA 19426


     v.

CONNER BLAINE                      Michael S. Greek
       Appellee                    570-325-2718
                                   [COR NTC ret]
                                   Office of District Attorney
                                   P.O. Box 36
                                   Carbon County Courthouse
                                   Jim Thorpe, PA 18229

MICHAEL FISHER                     Michael S. Greek
       Appellee                    (See above)
```

[COR NTC ret]

DONALD VAUGHN          Michael S. Greek
      Appellee         (See above)
                       [COR NTC ret]

Docket as of March 21, 2003 4:05 pm          Page 2

---

02-2381  Savage v. Blaine, et al

THEODORE B. SAVAGE #CB-2674

            Appellant

   v.

CONNER BLAINE; MICHAEL FISHER; DONALD VAUGHN

            Appellees

Docket as of March 21, 2003 4:05 pm          Page 3

---

02-2381  Savage v. Blaine, et al

5/21/02          CIVIL CASE DOCKETED. Notice filed by Theodore Savage. (slc)

5/21/02          RECORD available on Middle District PA RACER. (slc)

5/30/02          MOTION by Appellant Theodore B. Savage for Special Order,
                 filed.  Answer due 6/4/02. Certificate of Service dated
                 5/22/02. (dg)

5/31/02          APPEARANCE from Attorney Michael S. Greek on behalf of
                 Appellees Conner Blaine, Michael Fisher and Donald Vaughn,
                 filed. (slc)

6/10/02          LEGAL DIVISION LETTER SENT advising case will be submitted
                 to a panel of this Court for a decision on the issuance of
                 certificate of appealability. (je)

6/18/02          MOTION by Appellant Theodore B. Savage for certificate of
                 appealability, filed. Answer due 6/29/02. Certificate of
                 Service dated 6/16/02. (dg)

7/16/02          MOTION by Appellant for leave to proceed in forma pauperis,
                 filed. Answer due 7/26/02. Certificate of Service dated
                 7/12/02. (slc)

| 7/26/02 | ORDER (Clerk) granting Appellant's application in support of request to proceed ZZ_in ZZ_forma ZZ_pauperis, which is treated as a motion for leave to appeal ZZ_in ZZ_forma ZZ_pauperis, pursuant to Rule 24, F.R.A.P. This apeal will be submitted to a panel of this Court for determination of whether a certificate of appealability should issue, filed. EPS-294 (slc) |
|---|---|
| 7/26/02 | Certified copy of order to Lower Court. (slc) |
| 10/9/02 | Letter dated 10/6/02, treated as a MOTION by Appellant Theodore B. Savage to expedite motion for special order filed. Answer due 10/19/02. Certificate of Service dated 10/6/02. (dg) |
| 2/10/03 | Document titled Supplement to Appellant's Application for Certificate of Appealability treated as MEMORANDUM IN SUPPORT of motion for certificate of appealability on behalf of Appellant Theodore B. Savage, filed. Certificate of service dated 1/31/03. (as) |

Docket as of March 21, 2003 4:05 pm                    Page 4

---

02-2381   Savage v. Blaine, et al

| 3/20/03 | ORDER (Nygaard, Authoring Judge, Fuentes and Stapleton, Circuit Judges) denying Appellant's request for a certificate of appealability. Petitioner's claims concerning ineffective assistance of counsel are not debatable under ZZ_Strickland ZZ_v. ZZ_Washington, 466 U.S. 668, 687 (1984). ZZ_See ZZ_Miller-El ZZ_v. ZZ_Cockrell, No. 01-7662, 2003 WL 431659 (U.S.S.C. Feb. 25, 2003). Petitioner's remaining claim is barred due to a procedural default, ZZ_See ZZ_Cristin ZZ_v. ZZ_Brennan, 281 F.3d 419-20 (3d Cir. 2002). The "Motion for Special Order: is denied as is the motion to expedite consideration of the "Motion for Special Order"; the cliam is raised therein - that the Pennslyvania Department of Corrections is improperly opening legal mail outside petitioner's presence - would more properly be brought in a separate action pursuant to 42 U.S.C. Section 1983, filed. CPS-130 (slc) |
|---|---|
| 3/20/03 | Certified copy of order to Lower Court. (slc) |

Docket as of March 21, 2003 4:05 pm                    Page 5

---

|   PACER Service Center   |
|---|
|   Transaction Receipt   |
|   06/20/2003 13:06:21   |

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:02-cv-08095-WY

PAVLICHKO, SR. v. NESBITT et al
Assigned to: HONORABLE WILLIAM H. YOHN JR.
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 10/25/02
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

-----------------------

**JAMES S. PAVLICHKO, SR.**          represented by   **JAMES S. PAVLICHKO, SR.**
SCI-GRATERFORD
DK-0199
ROUTE 29
PO BOX 244
GRATERFORD, PA 19426
PRO SE

V.

**Defendant**

-----------------------

**JOHN ALLEN NESBITT, *WARDEN***     represented by   **MICHAEL A. KLIMPL**
BUCKS COUNTY SOLICITOR'S OFFICE
ADMINISTRATION BLDG
55 E. COURT ST.
DOYLESTOWN, PA 18901
215-348-6464
Fax : 215-340-8206
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LIVERMAN, *SGT.***                 represented by   **MICHAEL A. KLIMPL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
|  |  |  |

| 10/25/2002 | 1 | MOTION for LEAVE TO PROCEED IN FORMA PAUPERIS filed by JAMES S. PAVLICHKO, SR...(cw, ) (Entered: 10/28/2002) |
|---|---|---|
| 10/29/2002 | 2 | ORDER THAT: PLFF'S MOTION TO PROCEED IN FORMA PAUPERIS IS DENIED WITHOUT PREJUDICE AND THE CLERK OF COURT SHALL CLOSE THIS CASE STATISTICALLY. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 10/29/02.10/30/02 ENTERED AND COPIES MAILED. (gm, ) (Entered: 10/30/2002) |
| 10/29/2002 | | ***Civil Case Terminated. (kv, ) (Entered: 10/31/2002) |
| 01/07/2003 | 3 | Prisoner Trust Fund Account Statement by JAMES S. PAVLICHKO, SR. in the amount of $ 55.90. (fb) (Entered: 01/08/2003) |
| 01/10/2003 | 4 | ORDER THAT: PLFF'S MOTION TO PROCEED IN FORMA PAUPERIS IS DENIED WITHOUT PREJUDICE; AND THE CLERK SHALL CLOSE THIS CASE STATISTICALLY. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 1/10/03. 1/10/03 ENTERED AND COPIES MAILED.(fb) (Entered: 01/10/2003) |
| 01/28/2003 | 5 | Plaintiff has submitted an application to proceed in forma pauperis form submitted to the Court for consideration. (gm, ) (Entered: 01/29/2003) |
| 02/03/2003 | 6 | MEMORANDUM AND ORDER THAT: THE PETITION IS DENIED WITHOUT PREJUDICE TO ITS REASSERTION IN ACCORDANCE WITH THE TERMS OF THIS ORDER; IF PLFF FILES WITH THE COURT, WITHIN 20 DAYS, A NOTICE THAT HE WISHES TO PROCEED WITH THIS ACTION AND THEREBY OBLIGATE HIMSELF TO PAYMENT OF THE $150 FILING FEE, THIS ACTION WILL BE REINSTATED; AND THE CLERK OF COURT SHALL CLOSE THIS CASE STATISTICALLY. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 2/3/03. 2/4/03 ENTERED AND COPIES MAILED.(fb) (Entered: 02/04/2003) |
| 02/21/2003 | 7 | Notice by JAMES S. PAVLICHKO, SR. of PLAINTIFF'S Intent to Proceed. (fh) (Entered: 02/24/2003) |
| 02/28/2003 | 8 | ORDER THAT: PLFF, JAMES S. PAVLICHKO, SHALL PAY THE FILING FEE OF $150; THE CLERK IS DIRECTED TO FORWARD A COPY OF THIS ORDER TO THE SUPERINTENDENT OF S.C.I. MAHANOY. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 2/27/03. 2/28/03 ENTERED AND COPIES MAILED.(fb) (Entered: 02/28/2003) |
| | | |

| 03/06/2003 | 9 | ORDER THAT: LEAVE TO PROCEED IN FORMA PAUPERIS IS GRANTED PURSUANT TO 28 U.S.C SECTION 1915. THE COMPLAINT IS TO BE FILED, THE SUMMONSES ARE TO ISSUE, SERVICE OF THE SUMMONSES AND COMPLAINT IS TO BE MADE UPON THE DEFTS BY THE U.S. MARSHALS SERVICE IN THE EVENT THAT WAIVER OF SERVICE IS NOT EFFECTED UNDER FED.R.CIV.P. 4(d)(2), ETC.. SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 3/5/03. 3/7/03 ENTERED AND COPIES MAILED.(fb) (Entered: 03/07/2003) |
| --- | --- | --- |
| 03/06/2003 | 10 | COMPLAINT against LIVERMAN, JOHN ALLEN NESBITT, filed by JAMES S. PAVLICHKO, SR..(fb) (Entered: 03/07/2003) |
| 03/07/2003 | 11 | REQUEST FOR WAIVER of Service sent to DEFTS on 3/7/03 by JAMES S. PAVLICHKO, SR.. Waiver of Service due by 4/7/2003. (fb) (Entered: 03/07/2003) |
| 03/07/2003 | 12 | Notice to Plff, re: Waiver of Service. (fb) (Entered: 03/07/2003) |
| 04/04/2003 | 13 | NOTICE of Appearance by MICHAEL A. KLIMPL on behalf of LIVERMAN, JOHN ALLEN NESBITT (tj, ) Additional attachment (s) added on 4/7/2003 (tj, ). (Entered: 04/07/2003) |
| 04/04/2003 | 14 | WAIVER OF SERVICE Returned Executed by JAMES S. PAVLICHKO, SR.. LIVERMAN waiver sent on 3/7/2003, answer due 5/6/2003. (tj, ) (Entered: 04/07/2003) |
| 04/04/2003 | 15 | WAIVER OF SERVICE Returned Executed by JAMES S. PAVLICHKO, SR.. JOHN ALLEN NESBITT waiver sent on 3/7/2003, answer due 5/6/2003. (tj, ) (Entered: 04/07/2003) |
| 05/06/2003 | 16 | DEFENDANTS MOTION TO DISMISS PURSUANT TO F.R.C.P. 12 (b)(6), MEMORANDUM, CERTIFICATE OF SERVICE..(jl, ) (Entered: 05/06/2003) |
| 05/23/2003 | 17 | MOTION BY JAMES S. PAVLICHKO, SR. FOR LEAVE TO FILE BRIEF IN OPPOSITION TO DEFT'S MOTION TO DISMISS OUT OF TIME,CERTIFICATE OF SERVICE.(fb) (Entered: 05/27/2003) |
| 05/29/2003 | 18 | ORDER GRANTING [17] MOTION FOR LEAVE TO FILE BRIEF. IT IS FURTHER ORDERED THAT PLFF MAY FILE A RESPONSE TO THE MOTION TO DISMISS WITHIN (30) DAYS OF THE DATE HEREOF. ( SIGNED BY JUDGE WILLIAM H. YOHN JR. ON 5/29/03.) 5/30/03 ENTERED AND COPIES MAILED AND FAXED. (gn, ) Modified on 5/30/2003 (gn, ). (Entered: 05/30/2003) |
| | | |

| 06/02/2003 | 19 | RESPONSE to PLFF'S MOTION FOR LEAVE TO FILE BRIEF filed by LIVERMAN, JOHN ALLEN NESBITT, certificate of service. (fb) (Entered: 06/03/2003) |
| 06/24/2003 | 20 | Declaration by JAMES S. PAVLICHKO, SR. in opposition to DEFTS MOTION TO DISMISS, certificate of service. (fb) (Entered: 06/25/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/27/2003 11:33:39 | | |
| PACER Login: | ag0104 | Client Code: | |
| Description: | Docket Report | Case Number: | 2:02-cv-08095-WY |
| Billable Pages: | 2 | Cost: | 0.14 |

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

DERICK D. FONTROY, et al.                :
        Plaintiffs                :        CIVIL ACTION LAW
                          :
        VS.                                :
                          :        No. 02-CV-2949
GOVERNOR MARK SCHWEIKER, et al.          :
        Defendants                :        (Hon. THOMAS O'NEILL, J.)

PLAINTIFF THEODORE B. SAVAGE'S FIRST SET OF INTERROGATORIES
PROPOUNDED UPON DEFENDANT DONALD T. VAUGHN

---

TO: DONALD T. VAUGHN, Defendant
    Superintendent
    SCI-Graterford
    Box 244, Route 29
    Graterford, PA 19426

NOV 5 2002

    NOW COMES, THEODORE B. SAVAGE, J.D., Plaintiff in the above
captioned action, and he makes demand pursuant to Pa.R.Civ.P. Rule
4006(a)(2) that Defendant DONALD T. VAUGHN provide full, complete,
and true answers to the following interrogatories, and serve the
answers to same upon Plaintiff within (30) THIRTY days of service
of this request, to wit:

    1. Under Current Policy and Practice at SCI-Graterford, is
incoming legal mail from attorney's and the courts logged in the
mailroom, or otherwise recorded, indicating the date and from whom
such legal mail was sent, to the inmate?

    2. Under Current Policy and Practice at SCI-Graterford, is
incoming mail from attorney's and the court being opened "outside
the inmates presence" by mailroom officials, if such attorney or
court does not seek a Control Number, or personal deliver to
a designated institution for inspection?

    3. Has any Policy been issued by you, or the Dept. of
Corrections, that requires that Correction Officers delivering

legal mail to inmates assure that such legal mail from the courts
or attorneys are being given personally and directly to the inmate
to whom it is addressed? IF SO, PROVIDE A COPY OF ANY SUCH POLICY
OR MEMO ON THIS SUBJECT)

4. When Corrections Officers deliver mail, including legal
mail from the courts and attorney's to the inmate to whom it is
addressed, is such mail simply dropped into the inmates cell?

5. When Corrections Officers deliver mail, including legal
mail from attorney's and the courts to the inmate to whom it is
addressed, and that inmate is not in his cell, is such mail
still being dropped into the inmates cell, for him to get when
he returns to his cell?

6. What Policies, Memos, or steps have been taken to assure
that legal mail from attorney's and the courts are not being dropped
into a cell, when such inmate is not present, and his cell-mate is,
to assure that his cell-mate does not have the opportunity to
read such legal mail?

7. Under current Policy and Procedure of SCI-Graterford, does
mailroom staff record the number of pages that are contained in
incoming legal mail from the courts and attorneys?
If so, provide a copy of the Policy or Memo or other
writing requiring such to be recorded.

8. What steps have been taken to assure that incoming legal
mail from the courts and attorney's is placed in the appropriate
cell, that houses the inmate to whom it is addressed?

9. To your knowledge, information and belief, has incoming
mail, personal, or legal, been inadvertently placed in the incorrect
cell, a cell which does not house the inmate to whom it is
addressed?

10. Has any inmate in the past (4) years ever file a formal grievance under DC-ADMIN 804, alleging that their mail was erroneously placed in another inmates cell, a cell that does not house the inmate to whoim it is addrerssed?

If you answer is yes, indicate how many such grievances have been filed, and include the Official Grievance Number for each such Grievance.

11. Since September 30, 2002, when the New Mail policy went into effect, has legal mail addressed from the Court in this action, as well as the Third Circuit Court of Appeals addressed to Plaintiff SAVAGE, CB-2674, been opened in the mailroom outside Plaintiff's presence, and delivered to Plaintiff opened?

12. Since the New Mail Policy went into effect, has any inmate filed an Inmate Grievance under DC-ADMIN 804, regarding any aspect of such Policy?

If your answer is yes, indicate how many, the Official Grievance Number, and the basis of such Grievances.

SHOULD YOU FAIL TO PROVIDE FULL AND COMPLETE ANSWERS TO THESE INTERROGATORIES, AND SERVE SAME UPON PLAINTIFF WITHIN (30) DAYS OF SERVICE, PLAINTIFF WILL FILE A MOTION TO COMPEL, FOR SANCTIONS AND EXPENSES WITH THE COURT AGAINST YOU.

PROPOUNDED BY:

*Theodore B. Savage*

THEODORE B. SAVAGE, J.D. Plaintiff
SCI-Graterford, #CB-2674
Box 244, Route 29
Graterford, PA 19426

FOR THE PLAINTIFF'S

DATED: __November 1, 2002__

- 3-

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing Interrogatories upon the following individual who is Counsel For Defendant DONALD T. VAUGHN, and in the manner indicated below:

**SERVICE BY FIRST CLASS REGULAR MAIL ADDRESSED:**

Mr. John O.J. Shellenberger, Esquire
Deputy Attorney General
Office of Attorney General
21 S. 12th Street, 3rd FL.
Philadelphia, PA 19106

DATE MAILED: November 1, 2002

By: _Theodore B. Savage_
THEODORE B. SAVAGE, J.D. Plaintiff
SCI-Graterford, #CB-2674
Box 244, Route 29
Graterford, PA 19426

FOR THE PLAINTIFF'S

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,    :    CIVIL ACTION

        Plaintiffs    :

    v.    :

GOVERNOR MARK S. SCHWEIKER, et al.,:

        Defendants    :    NO. 02-2949

**DEFENDANT DONALD T. VAUGHN'S OBJECTIONS AND ANSWERS
TO PLAINTIFF SAVAGE'S FIRST SET OF INTERROGATORIES**

1.    Defendant does not know what the term Alegal mail@ means as it is used in the interrogatory.  Under current policy and practice at SCI-Graterford, as set forth in the Department of Corrections DC-ADM 803, issued September 1, 2002, effective September 30, 2002 (a copy of which has previously been supplied to plaintiffs), incoming mail from attorneys or courts is being logged by mailroom staff, indicating date received and from whom received, if it is received in accordance with the provisions of DC-ADM 803, Section VI.B.2.a or b.

2.    Under current policy and practice at SCI-Graterford, as set forth in the Department of Corrections DC-ADM 803, issued September 1, 2002, effective September 30, 2002, incoming mail from attorneys or courts is being opened (unsealed) in the receiving inmate's presence if it is received in accordance with the provisions of DC-ADM 803, Section VI.B.2.a or b.  Otherwise, it is being opened (unsealed), but not read, by mailroom staff in the mailroom outside the inmate's presence, then stapled or taped

shut and delivered to the inmate.  Note: Upon request, the courts
may obtain control numbers as provided in Section VI.B.2.b.

3.    Defendant does not know what the term Alegal mail@
means as it is used in the interrogatory.  The Department of
Corrections has issued DC-ADM 803 regarding inmate mail.  If mail
from attorneys or the courts is received in accordance with the
provisions of DC-ADM 803, Section VI.B.2.a. or b., those
provisions and VI.E.2.e provide that the mail will be opened
(unsealed) and inspected in the presence of the inmate, and then
handed directly to the inmate.  DC-ADM 803, Section VI.E.2.f.
provides that Aall incoming mail will be delivered to the inmate
within twenty-four hours.@  No one at SCI-Graterford has issued
any written policy other than DC-ADM 803 regarding the delivery
of inmate mail.  The practice at SCI-Graterford is to give all
mail personally and directly to the inmate to whom it is
addressed as far as possible.  See Answers to Interrogatories 4
and 8 below.

4.    Defendant does not know what the term Alegal mail@
means as it is used in the interrogatory.  No mail of any kind is
simply dropped in the inmate's cell.  If mail from attorneys or
the courts is received in accordance with the provisions of DC-
ADM 803, Section VI.B.2.a. or b., that mail is handed to the
inmate by either mailroom staff or a corrections officer.  If the
mail is not received in accordance with the provisions of DC-ADM
803, Section VI.B.2.a. or b., that mail also is handed to the
inmate by a corrections officer.  However, for this non-
privileged mail, if the receiving inmate is not in, or near, his

2

cell at the time of delivery, the delivering officer usually places the mail in the inmate's cell, unless housing unit staff has agreed to hold the inmate's mail until he returns.

5.   Defendant does not know what the term Alegal mail@ means as it is used in the interrogatory.  If mail from attorneys or the courts is received in accordance with the provisions of DC-ADM 803, Section VI.B.2.a. or b., that mail is never dropped into a cell; it is handed to the receiving inmate by either mailroom staff or a corrections officer.  If the mail is not received in accordance with the provisions of DC-ADM 803, Section VI.B.2.a. or b., and the receiving inmate is not in or near his cell at the time of delivery, the delivering officer usually places the mail in the inmate's cell, unless housing unit staff has agreed to hold the inmate's mail until he returns.

6.   Defendant does not know what the term Alegal mail@ means as it is used in the interrogatory.  DC-ADM 803 issued September 1, 2002, effective September 30, 2002, assures that privileged mail from attorneys and the courts, as defined by DC-ADM 803 VI.B.2, is not dropped into a cell when the receiving inmate is not present.  If mail from attorneys or the courts is not privileged mail as defined by DC-ADM 803, the mail is stapled or taped shut before it leaves the mail room.  Inmates may also request that housing unit staff hold their mail until they return to the unit.

7.   Defendant does not know what the term Alegal mail@ means as it is used in the interrogatory.  If mail from attorneys or the courts is hand-delivered to Graterford in accordance with

3

DC-ADM 803, Section VI.B.2.a., mailroom staff record the number
of pages contained in it as required by DC-ADM 803, Section
VI.B.2.a(5). Otherwise, the number of pages contained in
incoming mail is not recorded.

8. Defendant does not know what the term Alegal mail@
means as it is used in the interrogatory. All staff involved
with mail have been given DC-ADM 803 and instructed to follow it.
Mail from attorneys or the courts received in accordance with the
provisions of DC-ADM 803, Section VI.B.2.a. or b., is handed
directly to the inmate by either mailroom staff or a corrections
officer. For mail not received in accordance with the provisions
of DC-ADM 803, Section VI.B.2.a. or b., mailroom staff sort the
mail by housing unit and place each housing unit's mail in a
separate bag, which mailroom staff give to housing unit staff at
the beginning of the 2:00 p.m. to 10:00 p.m. shift. Corrections
staff on the housing unit carefully sort the unit's mail in a
secure location, writing on each envelope the cell where the
receiving inmate is housed at that time and dividing the mail by
the several sections of the unit. If an inmate is no longer
housed on the unit, the officers return his mail to the mailroom
with that information noted, and the mailroom delivers it to the
correct unit the following day. After sorting, the mail for the
inmates on the unit is delivered to them by officers assigned to
the sections of the unit where the receiving inmates' cells are
located. The delivering section officers either hand each
inmate's mail to him if he is in or near his cell when the mail
is delivered, or place it inside the inmate's cell if he is not

4

in or near his cell, or, if the officer has agreed, hold the mail until the inmate returns.  All inmates must be in their cells at 3:30 p.m. each day for lock-down and count.

9.    Defendant does not know what the term Alegal mail@ means as it is used in the interrogatory.  Defendant has not heard of any privileged mail, received in accordance with the provisions of DC-ADM 803, Section VI.B.2.a. or b., being placed in the incorrect cell.  For non-privileged mail, Defendant has heard that this has occasionally happened.  It has not been common, and when it has been discovered, it has been quickly corrected.

10.    From November 15, 2001 to November 15, 2002, no SCI-Graterford inmate filed a grievance alleging that his mail was erroneously placed in another inmate's cell.  One inmate did file a grievance (No. 21769) alleging that he did not receive a book that he had ordered and speculating that the book might have been put in the wrong cell.  Another inmate filed a grievance (No. 12600) alleging that he did not receive mail he thought had been sent to him and speculating that the mail might have been given to another inmate.  Defendant objects at this time to going back any further in time.  The burden of this discovery outweighs its likely benefit.  To answer the question, every grievance pertaining to Amail@ must be read (for the year examined, that was 132 grievances).  The absence of any grievances responsive to the interrogatory for the recent year examined shows that the problem Plaintiff alleges is inconsequential.

5

11.   Since September 30, 2002, inmate Savage has not received any mail in accordance with DC-ADM 803, Section VI.B.2.a. or b.   Defendant does not know whether inmate Savage has received mail since September 30, 2002, from the Court in this action or from the Court of Appeals, and, if he has, whether that mail has been opened in the mailroom outside his presence. Defendant does not believe that any of inmate Savage's mail has been delivered to him open.   Any mail first opened (unsealed) in the mailroom has been stapled or taped shut before delivery to the inmate.

12.   Since DC-ADM 803 went into effect September 30, 2002, the SCI-Graterford Grievance Coordinator has received eight grievances regarding the policy.   Each of them complained that the grievant had received mail that had been opened outside the inmate's presence.   The grievance numbers are: 31922, 32034, 32084, 32562, 32619, 33042, 33888, 36290.

D. MICHAEL FISHER
ATTORNEY GENERAL

BY:   John Shellenberger

John O.J. Shellenberger
Chief Deputy Attorney General
Chief, Eastern Region
Identification No. 09714

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone: (215) 560-2940
Fax: (215) 560-2202

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,        :        CIVIL ACTION

                Plaintiffs          :

          v.                          :

GOVERNOR MARK S. SCHWEIKER, et al.,:

              Defendants          :        NO. 02-2949

## DECLARATION OF DONALD T. VAUGHN

I hereby declare under penalty of perjury that the facts set forth in the foregoing answers to interrogatories are true and correct.

Date: 12/2/02

DONALD T. VAUGHN

## CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that a true and correct copy of the

foregoing Defendant Donald T. Vaughn's Objections and Answers to Plaintiff

Savage's First Set of Interrogatories was mailed on December 3, 2002 by first class

mail, postage prepaid, to:

> Derrick Dale Fontroy, AY-7513;
> Theodore B. Savage, CB-2674;
> Aaron Christopher Wheeler, BZ-2590
> State Correctional Institution
>  at Graterford
> P.O. Box 244
> Graterford, PA 19426-0244

> James S. Pavlichko, DK-0199
> State Correctional Institution
>  at Mahanoy
> 301 Morea Rd.
> Frackville, PA 17932

D. MICHAEL FISHER
ATTORNEY GENERAL


BY: _John Shellenberger_

John O.J. Shellenberger
Chief Deputy Attorney General
Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2940
Fax: (215) 560-1031