IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK DALE FONTROY, I.** | : | **CIVIL ACTION** |
| **THEODORE B. SAVAGE, J.D.** | : | |
| **AARON CHRISTOPHER WHEELER** | : | |
| **JAMES S. PAVLICHKO** | : | |
| | : | |
| | : | |
| v. | : | No. 02-CV-2949 |
| | : | |
| | : | |
| **MARK S. SCHWEIKER** | : | |
| **JEFFREY A. BEARD** | : | |
| **DONALD T. VAUGHN** | : | |
| **LESLIE HATCHER** | : | |
| **KIM ULISNY** | : | |

## ORDER

**AND NOW**, this 29th day of January, 2004, upon consideration of Theodore B. Savage, J.D.'s Motion for Special Emergency Order (Docket No. 114), it is it is **ORDERED** that the motion is **DENIED**.[1]

_____
TIMOTHY J. SAVAGE, J.

---

[1] Allegations that a prisoner's cell was impermissibly searched in retaliation for filing numerous civil rights lawsuits against prison officials are properly the subject of a separate action. *See, e.g.*, *Abdul-Akbar v. Watson*, 901 F.2d 329, 331 (3d Cir. 1990). In addition, the allegations raised by Savage are unrelated to the prison's incoming mail policy, which is the subject of the original complaint. Where constitutional violations independent of the original complaint are alleged, the "appropriate course of action [is] to bring a new § 1983 claim . . . instead of trying to tack them on to [the] existing claim." *Cowell v. Palmer Township*, 263 F.3d 286, 294-95 (3d Cir. 2001).