IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK DALE FONTROY, I.** : | **CIVIL ACTION** |
| **THEODORE B. SAVAGE, J.D.** : | |
| **AARON CHRISTOPHER WHEELER** : | |
| **JAMES S. PAVLICHKO** : | |
| : | |
| **v.** : | **NO. 02-CV-2949** |
| : | |
| **MARK S. SCHWEIKER** : | |
| **JEFFREY A. BEARD** : | |
| **DONALD T. VAUGHN** : | |
| **LESLIE HATCHER** : | |
| **KIM ULISNY** : | |

## ORDER

**AND NOW**, this 28th day of April, 2004, upon consideration of the plaintiffs' Motion for TRO and/or PI (Docket No. 110), it is **ORDERED** that the motion is **DENIED**.[1]

                                                                TIMOTHY J. SAVAGE, J.

---

[1] The issue in this case is whether the prison may open *incoming* legal mail outside the presence of the addressed inmate. In this motion, the plaintiffs object to the defendants' screening of their *outgoing* prison mail, an issue unrelated to the one in this case. Because the issue raised in the motion is unrelated to this litigation, the motion must be denied.

On the merits, the motion still must be denied. The sole allegation is that legal materials sent to the United States Courthouse on October 14, 2003, did not arrive until sometime between October 24, 2003, and October 29, 2003. The materials were pertinent to litigation currently pending before the Honorable William H. Yohn. There is no claim that the alleged late arrival caused any harm. Though prisoners retain significant First Amendment rights, the plaintiffs have failed to articulate how the defendants prevented dissemination of the plaintiffs' message. Because the plaintiffs do not allege that any actual prejudice resulted from the delay, they are unable to establish the irreparable injury element required for issuance of a preliminary injunction.