IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PETITION FOR DISPOSITION ALTERNATIVELY A PRELIMINARY INJUNCTION**

Plaintiffs have filed a Petition for Disposition Alternatively a Preliminary Injunction. They have not served a copy on Defendants' attorney. Defendants will respond based on the petition's title.

The Court has before it cross motions for summary judgment with a substantial record. At the last argument, the Court inquired about several cases before the Court of Appeals raising issues regarding mail to state prison inmates from attorneys and courts. The Court noted, and counsel agreed, that appellate decisions in those cases could have a bearing on the disposition of this case. Those cases have progressed somewhat, and in a manner relevant to Plaintiffs' current request.

Two of the cases are from New Jersey, *Jones v. Brown,* No. 03-3823 and *Allah v. Brown,* Nos. 04-4426 (State's appeal) and 04-4493 (inmates' cross-appeal). In both cases, inmates challenged a New Jersey Department of Corrections policy requiring that all mail (including mail from attorneys and courts) be opened and inspected in a mail room outside the inmates' presence. In *Jones,* the district court upheld the policy. In *Allah,* the district court found

the policy unconstitutional and prospectively enjoined it. The Court of Appeals has recently consolidated *Jones* and *Allah.* See Docket, entries 3/22/05, copy attached. It has issued a briefing schedule in *Allah* calling for the State's brief by May 2, 2005. *Jones* already has complete briefing.

The Court of Appeals also has stayed the *Allah* injunction pending appeal. Docket, entry 3/22/05. This stay permits the New Jersey Department of Corrections to continue opening and inspecting mail from attorneys and courts in a mail room outside the inmates' presence.

The other relevant case is *Taylor v. Oney,* No. 04-2062, an appeal from the District of Delaware. The district court held that corrections staff who open mail from attorneys outside the inmates' presence do not violate the inmates' constitutional rights unless the opening causes actual injury to the inmates' non-frivolous legal claims. In other words, the court held that *Oliver v. Fauver,* 118 F.3d 175 (3d Cir. 1997) completely overruled *Bieregu v. Reno,* 59 F.3d 1445 (3d Cir. 1995). Briefing in the Court of Appeals was completed January 10, 2005, and the case is awaiting a listing for disposition.

Plaintiffs here apparently want the Court to decide the outstanding summary judgment motions without waiting for any decisions from the Court of Appeals. Defendants are indifferent to the timing of this Court's decision. Defendants believe that based on the record and the law as they have argued it, the Court should enter summary judgment in their favor. They will stand by that position even if the Third Circuit decisions are adverse to New Jersey and Delaware.

2

Thus, even if the Court of Appeals holds that inmates have a free-standing constitutional right to receive mail from attorneys and courts unconnected to their ability to present claims to the courts, the Pennsylvania and Graterford policy and practice do not interfere with the right. The policy and practice do not adversely affect the ability of inmates to receive mail from attorneys and courts. Furthermore, even if the Court of Appeals holds that the possibility of anthrax in the mail does not rationally justify opening and inspecting the mail in a mail room away from inmates and inmate housing areas, the record here supports the less extreme Pennsylvania procedures. While the Pennsylvania Department of Corrections is concerned about bio-hazards such as anthrax, as well as faux anthrax, it is also concerned about, and has experienced, other dangerous material, such as escape tools, drugs, cash, pornography, weapons. While trying to guard against these dangers, it has allowed legitimate attorneys to receive control numbers and have their mail bearing the control numbers unsealed in the presence of the addressee inmates. And it has included steps to prevent losses or misdeliveries of mail from the courts by requiring that mail from courts, after opening and inspection in the mail room, be handed directly to the receiving inmates.

Plaintiffs appear to ask that if the Court does not decide the pending motions promptly, it enter a preliminary injunction granting the ultimate relief they seek in this action. The Court may not enter a preliminary injunction unless the plaintiffs have shown that they have a likelihood of ultimate success on the merits and will suffer irreparable harm pending final disposition in the absence of an injunction. *Forum for Academic and Institutional Rights v.*

3

*Rumsfeld,* 390 F.3d 219, 228 (3d Cir. 2004).  They must also show that the injunction will not injure defendants or persons not parties to the action or the public interest.  *Id.*  On the record already before the Court, for the reasons Defendants have already argued in their briefs, Plaintiffs do not meet these tests.  The recent action of the Court of Appeals in the *Allah* appeal confirms that this Court cannot enter an injunction.  The Court of Appeals has stayed the same kind of injunction that Plaintiffs request.  That higher court has applied the preliminary injunction standards (*Republic of Philippines v. Westinghouse Elec. Co.,* 949 F.2d 653, 658 (3d Cir. 1991)) and reached a result contrary to what Plaintiffs seek.

        THOMAS W. CORBETT, JR.
        Attorney General of Pennsylvania

By:  s/ John O. J. Shellenberger

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714
Attorney for Defendants

Home | PACER | Full Docket                                                       Help

If you view the full docket, you will be charged for 6 Pages   $ 0.48

## US Court of Appeals for the Third Circuit
## Case Summary

```
Court of Appeals Docket #: 04-4426                        Filed: 11/30/04
Nsuit: 3555  Prison Condition
Allah, et al v. Gov of NJ, et al
Appeal from: United States District Court for the District of New Jersey

Lower court information:
    District: 0312-2 : 02-cv-05298
    Trial Judge: William H. Walls, District Judge
```

| Date | Entry |
|---|---|
| 1/31/05 | RESPONSE filed by Appellees/Cross-Appellants to Emergency Motion for Stay pending Appeal and for a Stay of the Briefing Schedule. Certificate of Service dated 1/31/05. (arl) [04-4426 04-4493] |
| 1/31/05 | MOTION by Appellees/Cross-Appellants to Consolidate the Appeal in Docket Nos. 04-4426, 04-4492 with the Appeal in Docket No. 03-2823, filed. Answer due 02/14/05. Certificate of Service dated 1/31/05. (arl) [04-4426 04-4493] |
| 2/3/05 | REPLY by Appellants/Cross-Appellees to Opposition to Motion for Stay; and RESPONSE to Appellees/Cross-Appellants Motion to Consolidate 04-4426 and 04-4493 with appeal no. 03-3823, filed. Certificate of Service dated 2/2/05. (arl) [04-4426 04-4493] |
| 3/22/05 | ORDER (Rendell and Fisher, Authoring Judge, Circuit Judges) The Appellants/Cross-Appellees' motion to stay the District Court's October 26, 2004 order pending disposition of these cross-appeals is granted. ZZ_See ZZ_Republic ZZ_of ZZ_the ZZ_Phillippines ZZ_v. ZZ_Westinghouse ZZ_Elec. ZZ_Corp., 949 F.2d 653 (3d Cir. 1991). The motion to stay the disposition of the cross-appeals pending disposition of C.A. No. 03-3823 (ZZ_Jones ZZ_v. ZZ_Brown) is denied. The Clerk issue a briefing schedule for these cross-appeals. The motion to consolidate filed by Appellees/Cross-Appellants granted, to the extent that the appeals docketed at C.A. Nos. 04-4426, 04-4493 and 03-3823 are hereby consolidated for disposition only, filed. BPS-177 (rls) [04-4426 04-4493] |
| 3/22/05 | Certified copy of order to Lower Court. (rls) [04-4426] |
| 3/22/05 | BRIEFING NOTICE ISSUED: Appellant/Cross-Appellees' brief and appendix due 5/2/05, filed. (rls) [04-4426 04-4493] |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/11/2005 11:39:52 | | | |
| **PACER Login:** | ag0104 | **Client Code:** | |
| **Description:** | dkt summary | **Case Number:** | 04-4426 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## **CERTIFICATE OF SERVICE**

I, John O. J. Shellenberger, hereby certify that Defendants' Response To Plaintiffs' Petition For Disposition Alternatively A Preliminary Injunction has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of Defendants' Response To Plaintiffs' Petition For Disposition Alternatively A Preliminary Injunction was mailed on April 11, 2005, by first class mail, postage prepaid to:

Derrick Dale Fontroy, AY-7513
Theodore B. Savage, CB-2674
Aaron Christopher Wheeler, BZ-2590
James S. Pavlichko, DK-0199
State Correctional Institution at Graterford
P.O. Box 244
Graterford, PA 19426-0244

s/ John O. J. Shellenberger

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031