IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al.., | : | |
| Defendants | : | NO. 02-CV-2949 |

## ORDER

AND NOW, this        day of              2006, it is ORDERED that Plaintiffs' Motion For Expedited Video Conference and Emergency Injunction (Document No. 251) is DENIED.

BY THE COURT:

---
TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO.  02-CV-2949 |

DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION
FOR EXPEDITED VIDEO CONFERENCE AND
EMERGENCY INJUNCTION (DOCUMENT NO. 251)

Plaintiffs Savage and Fontroy have filed another Motion for Expedited Video Conference and Emergency Injunction, docketed as Document No. 251. However, they have not served a copy on Defendants' attorney. Defendants assume that it seeks to enjoin the defendants from transferring plaintiffs Savage and Fontroy from SCI-Graterford to other prisons operated by the Pennsylvania Department of Corrections. Savage and Fontroy recently filed a similar motion docketed at document no. 246, and the Court denied it. It should deny this one too.

At the outset, Savage and Fontroy, like all Pennsylvania state prisoners, could be transferred to another prison at any time. Pennsylvania state prisoners have no right under state or federal law to serve their sentences at any particular prison. 37 Pa.Code § 93.11(a) (no inmate shall have a right to be housed in a particular institution); Meachum v. Fano, 427 U.S. 215, 225 (1976)(no liberty interest in remaining at a lower security prison); Montanye v. Haymes, 427 U.S. 236 (1976)(no liberty interest in avoiding transfer from one

state prison to another for disciplinary reasons).  Indeed, the Constitution gives prisoners no protected interest in residence at a prison even when the transfer is to another prison thousands of miles away in another state. Olim v. Wakinekona, 461 U.S. 238 (1983).  Corrections administrators have many reasons for moving prisoners from prison to prison, and they are free to do so. Pennsylvania now has 23 prisons available in the state for male convicts, some of them quite new.

The Court should deny the present Motion because ongoing proceedings already before this Court preclude further consideration of the transfer issue at this time.  Savage and Fontroy have been litigating before the Court (the United States District Court for the Eastern District of Pennsylvania) over their possible transfers in Case No. 03-cv-4826.  They recently withdrew those claims, but then moved to reinstate them.  They are awaiting a decision on that motion.  They cannot pursue the issue unless the Court grants those motions. If the motions are granted, the issue should be considered in Case No. 03-cv-4826.

The plaintiffs started to litigate over possible transfer almost two years ago in Case No. 03-cv-4826, and the Court entertained the issue.  Fontroy moved for an injunction enjoining the Secretary of Corrections and the Graterford Superintendent from transferring him.  The Court denied the motion, but ordered the defendants to give Fontroy and the Court ten days advance notice of any intended transfer. Order dated July 28, 2004, Document No. 157, copy attached.  In December 2005, Savage and Fontroy together

moved to enjoin anticipated transfers. Motion for Expedited Video Conference, etc., Document 327.  The Court temporarily enjoined defendants from transferring Savage and scheduled a hearing on the issue for January 31, 2006. Orders dated December 15 and 19, 2005, Documents Nos. 329, 334, copies attached.  The Court dismissed Fontroy's motion as moot because defendants had not decided to transfer him at that time. Order dated December 19, 2005, ¶ 2.  Then, Savage and Fontroy moved to withdraw from the litigation. Document No. 339.  The Court granted the Motion, dismissed the claims with prejudice, and cancelled the January 31 hearing. Orders dated January 12, 2006, Documents Nos. 348, 349, copies attached.  Savage and Fontroy then moved to vacate the Court's order. Document Nos. 356, 357.  The Court held a hearing on the motions to vacate on February 17, 2006, and took them under advisement.

In light of their withdrawal of their transfer claims, the Court's dismissal of the claims with prejudice, and the motions to reinstate them, Savage and Fontroy cannot unilaterally resuscitate the claims by filing a motion directly requesting that relief.  As of now, Savage and Fontroy are precluded by issue preclusion principles from relitigating the dismissed claims. Nat. Railroad Passenger Corp. v. Pa. Public Utility Commn., 288 F.3d 519, 525 (3d Cir. 2002). Any request to reinstate them must be considered in Case No. 03-cv-4826, where the requests are already pending.  If the Court lets these plaintiffs reinstate their claims, it should, as a matter of judicial administration,

consider all plaintiffs' transfer issues under the case where they were first litigated, Case No. 03-cv-4826.

The Court should deny the present Motion for several other reasons.

On November 22, 2005, at plaintiff's request, the Court, in this Case No. 02-2949, stayed all proceedings (Document 241). The Court has not lifted this stay.

The present Motion is not related to the issues in this case. The issues in this case have to do with the Department of Corrections policy and procedure for mail sent to inmates by courts and attorneys. The present Motion presumably seeks to enjoin transfers of Savage and Fontroy from one Department prison to another. An injunction against transfer would have no effect on the mail policy or procedures applied to Savage or Fontroy. The same Department of Corrections policies apply at other prisons as apply at Graterford. Although Defendants contend that the Department's mail policies do not cause inmates any injuries at any institution, certainly, transfers will not exacerbate plaintiffs' alleged mail problems. No facts or legal arguments relevant to the present Motion will say anything about likelihood of success on the merits of the mail issues.

Nothing about the status of this case suggests that plaintiffs Savage and Fontroy cannot be transferred. Cross Motions for Summary Judgment have been fully briefed, and the Court is awaiting possible guidance from the Court of Appeals in several cases pending before it. See Order filed May 6, 2005

4

(Document 227). Plaintiffs Savage and Fontroy can wait at other prisons as easily as they can wait at Graterford.

                                            THOMAS W. CORBETT, JR.
                                            Attorney General of Pennsylvania

                                  By:  s/ John O. J. Shellenberger

|  |  |
|---|---|
| Office of Attorney General | John O. J. Shellenberger |
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA 19107 | Attorney I.D. No. 09714 |
| Phone: (215) 560-2940 | Attorney for Defendants |
| Fax:    (215) 560-1031 |  |

CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that Defendants' Response in Opposition to Plaintiffs' Motion For Expedited Video Conference And Emergency Injunction (Document No. 251) has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of Defendants' Response in Opposition to Plaintiffs' Motion For Expedited Video Conference And Emergency Injunction (Document No. 251) was mailed on March 6, 2006 by first class mail, postage prepaid to:

Derrick Dale Fontroy, AY-7513
Theodore B. Savage, CB-2674
Aaron Christopher Wheeler, BZ-2590
James S. Pavlichko, DK-0199
State Correctional Institution at Graterford
P.O. Box 244
Graterford, PA 19426-0244

s/ John O. J. Shellenberger

John O. J. Shellenberger
Office of Attorney General            Chief Deputy Attorney General
21 S. 12th Street, 3rd Floor          Attorney I.D. No. 09714
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

6