IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON C. WHEELER, ET AL.         :
                                 :
        v.                       :        Civil Action No.  03-4826
                                 :
JOHN O.J. SHELLENBERGER, ET AL.  :

## ORDER

**AND NOW**, this 28th day of July, 2004, **IT IS HEREBY ORDERED** that:

1. Plaintiff Fontroy's motion for emergency restraining order and preliminary injunction (Document No. 57) requesting that defendants not transfer Fontroy to any other correctional institution is **DENIED**. However, absent an emergency situation, defendants shall not transfer defendant Fontroy to another institution without ten days advance notice to defendant Fontroy and the court.

2. Plaintiff Fontroy's supplemental motion for preliminary injunction (Document No. 59) also seeking an order that plaintiff not be transferred to another correctional institution is **DENIED**.

3. Plaintiff Fontroy's motion for leave to supplement and complaint (V) (Document No. 60) seeking to file a fifth supplemental complaint and being a request by only one of the four plaintiffs is **DENIED**.

4. Plaintiff Fontroy's motion for telephonic communication (Document No. 74) is **DENIED**. The issue involving his access to his legal materials in this case has been resolved through a prior hearing and order. The issue concerning his receipt of mail (a self-inflicted wound due to his failure to sign the appropriate power of attorney) has previously been disposed of.

5. Plaintiff Fontroy's motion for TRO/PI (III) (Document No. 84) is **DENIED** in that the issues concerning his legal materials and possible transfers to another correctional facility have been resolved previously.

6. Plaintiff Fontroy's motion for declaratory and injunctive/PI relief challenging continuing confinement to RHU (Document No. 99) is **DENIED AS MOOT**, the court understanding that the plaintiff has been transferred from the RHU.

7. Plaintiff Fontroy's motion for medical examination and treatment (Document No. 119) is **DENIED**. Fontroy makes only a generalized allegation that he is suffering from "diabetes, hyper-throat thyroid, hypertension and related medical illness." The declaration attached to the Commonwealth defendants' response from Julia A. Knauer, Corrections Health Care Administrator at Graterford establishes that during Fontroy's confinement in the RHU he was seen by medical staff on an almost daily basis, a diagnostic laboratory test for his thyroid condition showed no sign of active disease, an ultrasound of his neck was ordered to rule out thyroid disease, he has been and continues to be treated for diabetes, he refused to have his blood sugar level checked on six occasions and refused diagnostic lab work to monitor his diabetic condition and he has been and continues to be treated for hypertension through the administration of prescription medications. There is no basis on which any court or jury could conclude that this amounts to deliberate indifference to his serious medical needs.

_____
William H. Yohn, Jr., Judge

2.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON C. WHEELER, ET AL.                    :
                                            :
              v.                            :          Civil Action No.  03-4826
                                            :
JEFFREY A. BEARD, ET AL.                    :

## ORDER

    **AND NOW**, this 15th day of December, 2005, upon consideration of the notice of plaintiff Theodore B. Savage pertaining to imminent transfer, **IT IS HEREBY ORDERED** that:

    1.  The Commonwealth defendants are enjoined from transferring plaintiff Savage from the State Correctional Institution at Graterford pending further order of court.

    2.  An expedited video-conference with reference to the proposed transfer is **SCHEDULED** for **Monday, December 19, 2005 at 3:00 p.m.**  The Superintendent at SCI Graterford shall designate Levi Hosband to contact Edward Morrissy in the Clerk's Office (267-299-7044) to make arrangements for the video-conference.

    3.  The Commonwealth defendants, through their designated counsel, shall attend the hearing at the United States Courthouse.

    4.  Counsel for the defendants shall serve a copy of this order upon the Superintendent at SCI Graterford who shall make the plaintiffs available at the designated location at SCI Graterford for the video-conference at the designated time.

s/William H. Yohn, Jr.
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON C. WHEELER, ET AL. | : |
| | : |
| v. | : Civil Action No. 03-4826 |
| | : |
| JEFFREY A. BEARD, ET AL. | : |

## ORDER

**AND NOW**, this 19th day of December, 2005, after hearing before the undersigned,

**IT IS HEREBY ORDERED** that:

1. A hearing on plaintiff Savage's motion for expedited video-conference and for emergency injunction is **SCHEDULED** for **January 31, 2006 at 9:30 a.m.** The hearing will consider whether the proposed transfer of plaintiff Savage to SCI Cresson is being done for legitimate penological interests or whether it is being done in retaliation for plaintiff Wheeler's litigation.

2. Plaintiff Fontroy's motion for expedited video-conference and for emergency injunction is **DISMISSED** as moot in that no order or the transfer of plaintiff Fontroy has been issued by the Department of Corrections.

3. The Superintendent at SCI Graterford shall designate Levi Hosband to contact Edward Morrissy in the Clerk's Office (267-299-7044) to make arrangements for the video-hearing.

4. Counsel for the Commonwealth defendants shall participate by means of the video-hearing or by attendance at the United States Courthouse, at her election. Her witnesses may testify by means of the video-hearing or in person at the courthouse.

5. Plaintiffs' motion to stay discovery (Document No. 316) is **GRANTED**.

s/William H. Yohn, Jr.
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON C. WHEELER, ET AL. | : | |
| | : | |
| v. | : | Civil Action No.  03-4826 |
| | : | |
| JEFFREY A. BEARD, ET AL. | : | |

## ORDER

**AND NOW**, this 12th day of January, 2006, upon consideration of the motion of

plaintiffs Savage and Fontroy for leave to withdraw from litigation (Document No. 339), **IT IS**

**HEREBY ORDERED** that the motion is **GRANTED** and plaintiffs Theodore B. Savage and

Derrick D. Fontroy are **DISMISSED** as parties to this action with prejudice.


s/William H. Yohn, Jr.
William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON C. WHEELER, ET AL.            :
                                    :
          v.                        :          Civil Action No.  03-4826
                                    :
JEFFREY A. BEARD, ET AL.            :

## ORDER

**AND NOW**, this 12th day of January, 2006, plaintiffs Savage and Fontroy having

been dismissed as parties to this action, **IT IS HEREBY ORDERED** that:

1. Plaintiff Fontroy's motion to vacate (Document No. 325) is **DISMISSED** as moot.

2. Plaintiff Savage's motion for appointment of counsel (Document No. 337) is

**DISMISSED** as moot.

3. Plaintiff Fontroy's motion for a more definite statement (Document No. 338) is

**DISMISSED** as moot.

4. Plaintiff Savage's motion in limine (Document No. 342) is **DISMISSED** as moot.

5. The hearing on plaintiff Savage's motion for expedited video-conference and for

emergency injunction scheduled for January 31, 2006 is **CANCELLED**.


                                        s/William H. Yohn, Jr.
                                        William H. Yohn, Jr., Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON C. WHEELER, ET AL.              :
                                      :
        v.                            :        Civil Action No.  03-4826
                                      :
JEFFREY A. BEARD, ET AL.              :

## ORDER

      **AND NOW**, this 12th day of January, 2006, upon consideration of plaintiffs' motion for a protective order (Document No. 331), the response of the Commonwealth defendants, the reply of plaintiff Savage and the reply of plaintiff Fontroy, **IT IS HEREBY ORDERED** that:

      1.  The motion is **DISMISSED** as moot with reference to plaintiffs Savage and Fontroy who have been dismissed as parties to this action with prejudice at their request.

      2. The motion is **GRANTED** with reference to plaintiffs Wheeler and Pavlichko and, absent an emergency situation, Commonwealth defendants shall not transfer either plaintiff Wheeler or plaintiff Pavlichko to any other correctional institution without ten days advance notice to the plaintiff and to the court.

_____

_____   s/William H. Yohn, Jr. _____

                                               William H. Yohn, Jr., Judge