IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al.., | : | |
| Defendants | : | NO.  02-CV-2949 |

## ORDER

AND NOW, this        day of              2007, it is ORDERED that Plaintiffs Savage's Motion for Video Conference and Preliminary Injunction and/or Restraining Order (Document 293) is DENIED.

BY THE COURT:

_____
TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| GOVERNOR MARK SCHWEIKER, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

RESPONSE IN OPPOSITION TO PLAINTIFF SAVAGE'S
MOTION FOR VIDEO CONFERENCE AND PRELIMINARY
INJUNCTION AND/OR RESTRAINING ORDER (DOCUMENT 293)

Defendants answer the numbered paragraphs of Plaintiff Savage's Motion for Video Conference and Preliminary Injunction and/or Restraining Order (Document 293) as follows:

1. Admitted that on November 15, 2006, Defendants' counsel received a letter in the mail from Plaintiff Savage that bore the date of November 8, 2006. Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff Savage placed that letter in the mail or whether the Court received the same letter.

2. Admitted that on November 15, 2006, defendants' counsel investigated the claims made in Savage's letter by contacting SCI-Cresson officials on November 15, 2006.

3. Denied in all respects.

4. Admitted that on November 13, 2006, Plaintiff received a misconduct report charging him with unauthorized use of the mail and forgery. A true and correct copy of the report is attached, along with the hearing examiner's report

of the hearing on the charges. All other averments of this paragraph are denied. Denied that the misconduct report followed a conversation with Lt. Wilt. Denied that the misconduct report was false or fabricated. Denied that the misconduct report was in retaliation for any constitutionally protected activity. Denied that the letter referenced in the report was sent by James Pavlichko, Jr. To the contrary, the letter and envelope were prepared and placed in the mail by Plaintiff Savage without knowledge or consent of James Pavlichko, Jr.

    5. Denied that James Pavlichko, Jr. submitted a statement to the hearing examiner as Savage alleges. To the contrary, as the misconduct report states, James Pavlichko, Jr. informed the Security Office that he did not draft the letter or know any of its contents and did not mail the envelope containing the letter. Admitted that the envelope had James Pavlichko, Jr.'s name on the return address. Denied that James Pavlichko, Jr. placed it there or authorized its placement there. In fact, as Plaintiff Savage admitted to the hearing examiner, Plaintiff Savage placed it there. Denied that James Pavlichko, Jr. prepared the letter that was in the envelope. To the contrary, as Plaintiff Savage admitted to the hearing examiner, Plaintiff Savage prepared the letter.

    6. Admitted that on November 16, 2006, following a hearing before a hearing examiner, at which hearing Plaintiff Savage pleaded guilty to unauthorized use of the mail and was found guilty of forgery, the hearing examiner sanctioned Savage to 60 days in disciplinary custody. Denied that Savage is presently serving that time, but admitted that he will start serving it

on February 11, 2007, after he completes service of disciplinary time on a previous misconduct.

7. Denied. To the contrary, although an SCI-Cresson Internal Security Officer was reading Savage's incoming and outgoing non-privileged mail from October 30, 2006, to November 30, 2006, pursuant to DC-ADM 803 VI.D.1.c. and the authorization of the Regional Deputy Secretary (see attached authorization), that reading ended November 30, 2006, and has not continued. Moreover, because the reading was only of non-privileged mail, the officer did not open or read outgoing mail to courts or attorneys or counsel for the defendants, and did not open or read any incoming mail with a control number on the envelope. DC-ADM 803 IV.N; VI.B.2. Denied that the mail staff ever opened or read Savage's outgoing mail, or read his incoming mail, or opened any incoming mail with a valid control number on the envelope.

8. Denied.

9. Denied. Denied that Lt. Wilt sent anyone to search Savage's cell, denied that Officer Oswalt, or any other officer, confiscated the letters alleged from Plaintiff Savage's cell.

10. Denied.

11. Denied. Plaintiff Savage is not suffering, nor is he at any risk of suffering, irreparable harm as a result of anything defendants are doing, and he has no reasonable likelihood of success on the merits of the claims he is asserting in this action or any claim he might be attempting to assert through the present motion.

WHEREFORE, Defendants ask the Court to deny Plaintiff Savage's Motion for Video Conference and Preliminary Injunction and/or Restraining Order.

                              THOMAS W. CORBETT, JR.
                              Attorney General of Pennsylvania

                     By:  s/ John O. J. Shellenberger

|  |  |
|---|---|
| Office of Attorney General | John O. J. Shellenberger |
| 21 S. 12th Street, 3rd Floor | Chief Deputy Attorney General |
| Philadelphia, PA 19107 | Attorney I.D. No. 09714 |
| Phone: (215) 560-2940 | Attorney for Defendants |
| Fax:    (215) 560-1031 |  |

CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that the ANSWER TO PLAINTIFF SAVAGE'S MOTION FOR VIDEO CONFERENCE AND PRELIMINARY INJUNCTION AND/OR RESTRAINING ORDER (DOCUMENT 293) has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of the ANSWER TO PLAINTIFF SAVAGE'S MOTION FOR VIDEO CONFERENCE AND PRELIMINARY INJUNCTION AND/OR RESTRAINING ORDER (DOCUMENT 293) was mailed on January 4, 2007, by first class mail, postage prepaid to:

Theodore B. Savage, CB-2674
State Correctional Institution at Cresson
P.O. Box A, Old Route 22
Cresson, PA 16699-0001

                                                                                                                          s/ John O. J. Shellenberger

                                                                                                 John O. J. Shellenberger

Office of Attorney General          Chief Deputy Attorney General
21 S. 12th Street, 3rd Floor           Attorney I.D. No. 09714
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

5

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
SCI-Cresson
October 31, 2006

SUBJECT: Written Permission to <u>READ/COPY</u> Non-Privileged Correspondence
Of Inmate: <u>Savage, Theodore</u>   Number: <u>CB2674</u>

TO:   William S. Stickman
      Deputy Secretary

FROM: Mark A. Krysevig   BY: David Jadlocki
      Superintendent          Intelligence Gathering Captain

According to DC-ADM 803 Section D #1, reasonable cause exists that indicate the above inmate is involved in either criminal activity or a misconduct offense.

☐ The specific criminal activity is possible _____

Permission is requested starting _____ and finishing _____.

☒ The specific misconduct violation is <u>Circumventing Mail System</u>.

Permission is requested starting <u>10/30/06</u> and finishing on <u>11/30/06</u>.

Scrutiny of the above subject's mail should be completed by the Intelligence Captain within one (1) working day of receipt of mail by the Institution Mailroom.

(✓) Approved

( ) Disapproved

William Stickman, Deputy Secretary    11/2/06 Date

DJ/gy

cc:   Original: DC-15
      Deputy Roberts
      Deputy Hoover
      Mailroom
      Inmate (Pending completion of Investigation)
      Inmate File
      Security File

Page 1 of 2

| FORM DC-141 PART 1 Rev 3/00 | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | A 803371 |
|---|---|---|

☒ MISCONDUCT REPORT  ☐ OTHER  ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| CB-2674 | SAVAGE | SCI-CRE | 1400 | 11-13-06 | 11-13-06 |
| Quarters | Place of Incident | | | | |
| RHU | Security Office | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| GP-8885 | PAVLICHKO | | ✓ | | | | |
| DK-0199 | PAVLICHKO | ✓ | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** #40 Unauthorized use of the Mail or Telephone #26 Criminal Violation of the Pa. Crimes Code §4101- Forgery.

**STAFF MEMBER'S VERSION** Authorization to Read/Copy Non-Privileged Correspondence approved by Deputy Secretary Stickman effective 10-30-06 for Inmate Pavlichko (GP8885) on file in the Security Capt's Office. A letter addressed to Mr. James Pavlichko Sr (DK0199) 1000 Follies Road, Dallas, Pa. 18612 with a Return address for: James Pavlichko, GP8885, SCI Cresson, Old Rt. 22 P.O. Box A Cresson, Pa. 16699-0201 was sent to the Security Office on 11-9-06 by SCI-CRE Mail Room Staff for the purpose of a close examination of the contents. The envelope contained a typed letter addressed to James S. Pavlichko, Sr (DK0199) Inmate Pavlichko (GP8885) was interviewed in the Security Office on 11-13-06 and stated that he did not draft the letter or know any of it's content and denied mailing the envelope. He did verify that "JR SCROWNY" was his nickname given to him by his father and used by inmate Savage (CB-2674). This writer has determined the letter was authored by inmate Savage and disguised

**IMMEDIATE ACTION TAKEN AND REASON** Report Investigated, No Further Inquires Indicated. Inmate informed by this report. Inmate to remain in present "DC" status in the RHU Annex pending disposition of misconduct charges by the hearing examiner.

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES | TIME | DATE |
| ☒ NO | Already confined by a previous report | |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION  ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| D. EWALT CO3 | L. Lamor Ctl | DATE 11/13/06 TIME 1737 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1  ☐ CLASS 2 | Thomas H. Hubbard |
| 11-15-06 | 0800 | | |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15    YELLOW — Inmate    PINK — Reporting Staff Member    GOLDENROD — Deputy Superintendent Facility Management

DC-ADM 801 Inmate Discipline Policy, Attachment B

Page 2 of 2

| FORM DC-141 PART 1 Rev 3/00 | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | A 803372 CONTINUED |
|---|---|---|

☑ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| CB-2674 | SAVAGE | SCI-CRE | 1400 | 11.13.06 | 11.13.06 |

| Quarters | Place of Incident |
|---|---|
| RHU | Security Office |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

**STAFF MEMBER'S VERSION** As out-going mail from inmate Pavlichko (GP8885), Inmate Pavlichko (DKU199) and Inmate Savage (CB2674) DO NOT have permission to correspond with each other, and are attempting to abuse Pavlichko's (GP8885) Authorization to communicate with Pavlichko, Sr.

CIR: A156087 Issued. Evidence Retained in the Security Capt's Office.

**IMMEDIATE ACTION TAKEN AND REASON** Fully Investigated, No Further Inquiry Indicated. Inmate Informed by this Report. Inmate to Remain in Present "DC" Status in the RHU Annex Pending Disposition of Misconduct Charges By the Hearing Examiner.

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES | TIME | DATE |
| ☑ NO | Already Confined By A Previous Report | |

FORMS GIVEN TO INMATE
☑ REQUEST FOR WITNESSES AND REPRESENTATION  ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| D.E. Watros /Lt | Adams C/I | DATE 11/13/06  TIME 1737 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|
| DATE 11-15-06  TIME 0800 | ☑ CLASS 1  ☐ CLASS 2 | |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15    YELLOW — Inmate    PINK — Reporting Staff Member    GOLDENROD — Deputy Superintendent Facility Management

**DC-ADM 801 Inmate Discipline Policy, Attachment B**

| DC-141 Part 2B | | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|---|
| Rev. 6-84 DISCIPLINARY HEARING REPORT | | DEPARTMENT OF CORRECTIONS | | | |
| DC Number C52674 | Name Savage | Facility SCI CRE | Hearing Date 11/16/2006 | Hearing Time 1030 | No. from Part 1 A803371 |
| INMATE PLEA | ☑ Guilty ☐ Not Guilty ☐ No Plea ☐ Other | | Verdict | ☑ Guilty ☐ Not Guilty | |

**CHARGES / HEARING ACTION**

Class I #26 Any criminal violation of the PA Crimes Code (Sec. 4101 - Forgery)
Class I #40 Unauthorized use of the mail or telephone

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Inmate Savage pleads Not Guilty #26, Guilty #40.

"I sent the letter. I did forge anything because it's all typed."

HE– believes the staff members written report and the claim of Inmate Savage, that Savage did construct a letter that was to be from Another Inmate. This is considered forgery.

Guilty #26 + #40 – 60 days DC added to current RHU sanctions.

Remove Contraband — unauthorized letter.

| | | | |
|---|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | C.O.: A156007 |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES ☑ |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| R. Reed, Hearing Examiner | *[signature]* SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15    YELLOW - Inmate Cited    PINK - Staff Member Reporting Misconduct    GOLDENROD - Deputy Superintendent