IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et al.,       :       CIVIL ACTION
                Plaintiffs           :
         v.                          :
JEFFREY A. BEARD, et al.,            :
                Defendants           :       NO. 02-CV-2949

## ORDER

AND NOW, this         day of May, 2007, it is ORDERED that the injunction entered May 3, 2007 is STAYED pending disposition of Defendants' Motion to Amend Judgment.

                                     _____
                                     TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

## ORDER

AND NOW, this         day of May, 2007, it is ORDERED that Defendants' Motion to Amend Judgment is GRANTED. The injunction entered May 3, 2007 is hereby amended to read as follows:

> The defendants Jeffrey A. Beard, David DiGuglielmo and Kim Ulisny are enjoined from enforcing against the plaintiffs, Derrick Dale Fontroy, Theodore B. Savage, and Aaron Christopher Wheeler, the current Department of Corrections mail policy insofar as it permits prison officials to open plaintiffs' legal and court mail outside their presence, and all legal and court mail addressed to the plaintiffs shall be opened in their presence. In addition to court mail, "legal" mail means mail bearing a return address of a licensed attorney-at-law or a law firm, identified by name and address.

TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

DEFENDANTS' MOTION TO AMEND JUDGMENT

Defendants move the Court pursuant to Fed.R.Civ.P. 59(e) to amend the injunction entered May 3, 2007 to make clear that it runs in favor only of the three plaintiffs in this action and to define the term "legal mail" as mail bearing the return address of a licensed attorney-at-law or a law firm, identified by name and address. Defendants further request the Court to stay the injunction pending disposition of this Motion. This Motion is without prejudice to Defendants' right to appeal the judgment, even if the injunction is amended as requested.

THOMAS W. CORBETT, JR.
Attorney General of Pennsylvania

By:  s/John O. J. Shellenberger

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714
Attorney for Defendants

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

MEMORANDUM OF LAW

This action was commenced in 2002 by four inmates in the custody of the Pennsylvania Department of Corrections, Derrick Dale Fontroy, Theodore B. Savage, Aaron Christopher Wheeler, and James Pavlichko. They claimed that new provisions in the Department of Corrections policy on mail to inmates from attorneys and courts violated their First Amendment rights. Pavlichko was dismissed at his request some time ago, leaving only the other three plaintiffs as complaining parties.

By Memorandum Opinion filed May 3, 2007, the Court found that the Pennsylvania Department of Corrections policy on mail to inmates from attorneys and courts does violate the plaintiffs' First Amendment rights. By order filed with the Memorandum, the Court granted plaintiffs' motion for summary judgment in part and entered an injunction stating:

> the defendants Jeffrey A. Beard, David DiGuglielmo and Kim Ulisny are enjoined from enforcing the current Department of Corrections mail policy insofar as it permits prison officials to open legal and court mail outside the inmates' presence, and all legal and court mail shall be opened in the presence of the inmate to whom it is addressed.

Defendants ultimately intend to appeal the Court's ruling. But in the interim, they move the Court to amend the injunction to clarify it in two ways. First, they ask that the Court make clear that the injunction runs in favor of only the three plaintiffs in this action. Second, they ask that the injunction define the term "legal mail." The Rules of Civil Procedure permit a motion to alter or amend a judgment. Fed.R.Civ.P. 59(e).

<u>Limitation to the named plaintiffs.</u>

The Court should amend the injunction to make clear that it runs in favor of the three plaintiffs only. As presently worded, the injunction could be read to enjoin the defendants from enforcing the mail policy against any inmate, and, since defendant Beard is the Secretary of the Pennsylvania Department of Corrections, that would mean any of the approximately 45,000 inmates in the custody of the Department of Corrections.[1] Such a reading would extend beyond the Court's power in this case, and the Court probably didn't intend it, particularly because two other judges of this court have rejected the identical claims of other inmates. Robinson and Ramirez v. Department of Corrections, Civil Action No. 03-5180, Memorandum and Order, January 23, 2007 (Stengel, J.); Harper v. Beard, Civil Action No. 05-1803, Memorandum and Order, April 23, 2007 (Davis, J.). The Court should clarify, or correct, the injunction to avoid such an expansive reading.

Under the Rules of Civil Procedure, "every order granting an injunction … shall be specific in terms … and is binding only upon the parties to the action."

---

[1] Monthly Population Report, March 31, 2007, http://www.cor.state.pa.us/stats.

2

Fed.R.Civ.P. 65(d). The Rules on parties make clear that a judgment, and an injunction, may run in favor of (or against) only the actual named parties to the case, unless the court has certified the case as a class action. An action must be prosecuted only by the "real party in interest." Fed.R.Civ.P. 17(a). If relief cannot be afforded in the absence of a person, or if a person has an interest that will impaired by the action, that person must be joined as a party. Fed.R.Civ.P. 19. Indeed, the usual rule is that "litigation is conducted by and on behalf of the individual named parties only." Califano v. Yamasaki, 442 U.S. 682, 700, 701 (1979).

A class action under Rule 23 is the only exception to the usual rule. Califano v. Yamasaki, supra. In a Rule 23 class action, the named parties may represent unnamed others. However, to be a class action, the action must comply with the detailed requirements of Rule 23, and the court must, at an early stage, enter an order certifying the action as a class action, defining the class issues, and appointing class counsel. Fed.R.Civ.P. 23(c)(1)(B); Eastern District Local Rule 23.1(c). If the court does not do so, it can only "view the claim for injunctive and declaratory relief as the individual claim of the named plaintiffs." Davis v. Romney, 490 F.2d 1360, 1368 (3d Cir. 1974). Unless and until the court has certified the case as a class action, it can only redress injury to the named plaintiffs personally. Id. at 1370; Zepeda v. U.S. Immigration and Naturalization Service, 753 F.2d 719, 727, 728 (9th Cir. 1985).

This action is not a class action. The Court has never certified a class. The only plaintiffs as of May 3, 2007 were Derrick Dale Fontroy, Theodore B. Savage, and Aaron Christopher Wheeler, individually. The Court may enter

3

judgment, and an injunction, only in favor of them. The injunction need only enjoin defendants from opening the plaintiffs' legal and court mail outside plaintiffs' presence. No broader injunction is needed to protect plaintiffs' interests.

If federal court judgments ran in favor of or against anyone who might be in a position similar to a named party, the Court would actually have to enter judgment against the three plaintiffs. As noted above, in two other cases brought by three inmates of Department of Corrections institutions, judges of this court previously upheld the Department of Corrections incoming mail policy and entered judgments against the inmates. Robinson and Ramirez v. Department of Corrections, Civil Action No. 03-5180, Memorandum and Order, January 23, 2007 (Stengel, J.); Harper v. Beard, Civil Action No. 05-1803, Memorandum and Order, April 23, 2007 (Davis, J.). Neither case was a class action. If judgments extend automatically to similarly situated persons, Fontroy, Savage, and Wheeler are bound by those judgments. Of course, they are not, but neither can the injunction in their favor run in favor of other non-party inmates. Certainly, it cannot run in favor of inmates Robinson, Ramirez, and Harper.

A federal statute also requires that the injunction should be limited to the three named plaintiffs. It requires that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than is necessary to correct the violation of the Federal

4

      right, and is the least intrusive means necessary to correct the
      violation of the Federal right.

18 U.S.C. § 3626(a)(1). The injunction here is prospective relief. 18 U.S.C. § 3626(g)(7) ("all relief other than money damages"). This is an action with respect to prison conditions - all inmate suits about prison life are actions with respect to prison conditions. Porter v. Nussle, 534 U.S. 516, 525-532 (2002). The injunction may correct only violation of the federal right of the three particular plaintiffs. It can run only to their benefit.

      Defendants specifically ask the Court to amend the injunction here to read (new words in bold):

> the defendants Jeffrey A. Beard, David DiGuglielmo and Kim Ulisny are enjoined from enforcing against the plaintiffs, Derrick Dale Fontroy, Theodore B. Savage, and Aaron Christopher Wheeler, the current Department of Corrections mail policy insofar as it permits prison officials to open plaintiffs' legal and court mail outside their presence, and all legal and court mail addressed to the plaintiffs shall be opened in their presence.

<u>Definition of "legal" mail.</u>

      Defendants also ask the Court to add to the injunction a brief definition of the term "legal mail." The injunction refers to "legal and court mail." Court mail is understandable as mail appearing from the outside return address to be from a court. "Legal" mail is vague. The term could lead to time consuming disputes over what is and is not included. This case has focused on mail to inmates from attorneys and courts. The Court of Appeals has defined "legal mail" only as mail from attorneys and courts. Bieregu v. Reno, 59 F.3d 1445, 1449 (3d Cir. 1995). See also Mann v. Adams, 846 F.2d 589, 590, 591 (9th Cir. 1988) (mail from public agencies, public officials, civil rights groups, news

5

media has no special protection); Sallier v. Brooks, 343 F.3d 868, 875, 876 (6th Cir. 2003) (mail from legal organizations not representing the inmates and mail from county clerks has no special protection). The requirements of 18 U.S.C. § 3626(a)(1) limit the injunction to mail from attorneys and courts. The injunction should clearly say that "legal" mail is mail from attorneys. Defendants ask that a sentence be added to the injunction stating: "In addition to court mail, 'legal' mail means mail bearing a return address of a licensed attorney-at-law or a law firm, identified by name and address."

Stay pending disposition of this Motion.

      Defendants ask that the Court enter a stay of the injunction pending disposition of this Motion to Amend Judgment. Rules 62(b) (stay on motion for new trial or judgment) and 62(c) (injunction pending appeal) give it authority to do so. The Court should consider Defendants' likelihood of success on the Motion and the relative burdens on the parties with or without a stay. Republic of the Philippines v. Westinghouse Electric Corp., 949 F.2d 653, 658 (3d Cir. 1991). Defendants believe that this Motion has a strong likelihood of success. A stay will reduce burdensome disputes in the prisons (and, possibly, in the courts), and will allow the Department of Corrections to transition in an orderly way to whatever it must do, or decides to do, systemically pending appeal.

6

|  |  |
|---|---|
|  | THOMAS W. CORBETT, JR.<br>Attorney General of Pennsylvania |
|  | By:  s/John O. J. Shellenberger <br> ──────────────────── |
| Office of Attorney General<br>21 S. 12th Street, 3rd Floor<br>Philadelphia, PA 19107<br>Phone: (215) 560-2940<br>Fax:     (215) 560-1031 | John O. J. Shellenberger<br>Chief Deputy Attorney General<br>Attorney I.D. No. 09714<br>Attorney for Defendants |

7

## CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that Defendants' Motion to Amend Judgment has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of Defendants' Motion to Amend Judgment was mailed on May 7, 2007, by first class mail, postage prepaid to:

Derrick Dale Fontroy, AY-7513
State Correctional Institution
at Fayette
50 Overlook Drive
LaBelle, PA 15450-1050

Aaron Christopher Wheeler, BZ-2590
State Correctional Institution
at Graterford
P.O. Box 244
Graterford, PA 19426-0244

Theodore B. Savage, CB-2674
State Correctional Institution
at Cresson
Drawer A, Old Route 22
Cresson, PA 16699-0001

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

s/ John O. J. Shellenberger

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714

8