IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

## ORDER

AND NOW, this          day of May, 2007, it is ORDERED that Defendants' Motion for Stay Pending Appeal is GRANTED. The injunction entered May 3, 2007 is STAYED pending disposition of Defendants' appeal to the United States Court of Appeals for the Third Circuit.

TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO.  02-CV-2949 |

## DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Defendants move the Court pursuant to Fed.R.Civ.P. 62(c) to stay the injunction entered May 3, 2007, pending their appeal of that injunction, and the judgment underlying it, and the denial of defendants' motion to amend the injunction, to the United States Court of Appeals for the Third Circuit. Defendants allege in support of this Motion:

1. On May 3, 2007, the Court filed a Memorandum Opinion finding that the Pennsylvania Department of Corrections policy on mail to inmates from attorneys and courts violates the plaintiffs' First Amendment rights. By order filed with the Memorandum, the Court granted plaintiffs' motion for summary judgment in part and entered an injunction stating:

> the defendants Jeffrey A. Beard, David DiGuglielmo and Kim Ulisny are enjoined from enforcing the current Department of Corrections mail policy insofar as it permits prison officials to open legal and court mail outside the inmates' presence, and all legal and court mail shall be opened in the presence of the inmate to whom it is addressed.

2.  On May 7, 2007, Defendants filed a Motion to Amend Judgment. The Court denied the Motion on May 8, 2007.

    3. On May 10, 2007, Defendants filed a Notice of Appeal from both the May 3 and May 8 orders.

    4. Defendants have a strong likelihood of success on the merits of the appeal, both as to the First Amendment issue considered in the May 3 opinion and order and as to the scope of the injunction addressed in Defendants' Motion to Amend Judgment.

    5. Defendants will be injured absent a stay.

    6. Issuance of a stay will not substantially injure the plaintiffs.

    7. The public interest supports a stay.

THOMAS W. CORBETT, JR.
Attorney General of Pennsylvania

By:  s/ John O. J. Shellenberger

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714
Attorney for Defendants

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO.  02-CV-2949 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY

Defendants move the Court to stay its May 3, 2007 injunction pending their appeal of that injunction, the underlying judgment, and the denial of Defendants' Motion to Amend Judgment, which requested a narrowing amendment of the injunction. The injunction requires defendants to change a policy that has been in effect for almost five years. The stay would maintain that policy in effect pending disposition of defendants' appeal.

When an appeal is taken from an order granting an injunction, a district court may suspend or modify the injunction pending an appeal from it. Fed.R.Civ.P. 62(c). When a party requests a stay, the court must consider (1) whether that party has made a strong showing that it is likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; (4) the public interest. Republic of the Philippines v. Westinghouse Electric Corp., 949 F.2d 653, 658 (3d Cir. 1991). While the criteria are similar to those for issuance of a preliminary injunction, they are applied less strictly because a stay pending appeal will last only as long as the

appeal, and because the stay's main purpose is to relieve the losing party of the burden of changing its behavior unnecessarily. Mohammed v. Reno, 309 F.3d 95, 100, n. 6 (2d Cir. 2002); Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders, 112 F.3d 652, 669, n. 22 (3d Cir. 1997). Consideration of a stay pending appeal involves a balancing between likelihood of success on the merits and degrees of harm without, or with, a stay. Mohammed v. Reno, 309 F.3d at 100, 101.

Defendants are likely to succeed on the merits.

Validity of the mail policy.

Recent approaches taken by courts in prison First Amendment cases show that defendants are likely to succeed on appeal as to the validity of the incoming mail policy.

Two other judges of this court have considered the identical claims made by plaintiffs here on the same record as here and have upheld the same Department of Corrections incoming mail policy. Robinson and Ramirez v. Department of Corrections, Civil Action No. 03-5180, Memorandum and Order, January 23, 2007 (Stengel, J.); Harper v. Beard, Civil Action No. 05-1803, Memorandum and Order, April 23, 2007 (Davis, J). Both decisions considered the Third Circuit's decision in Jones v. Brown, 461 F.3d 353 (3d Cir. 2006). Both decisions discussed the law and facts at some length. Also, this Court recognized that the law as applied to this case has been uncertain, because it granted defendants qualified immunity.

In its May 3 Memorandum Opinion, this Court stated, correctly, that "prison safety and security is a legitimate and valid penological interest." Slip Op. at 6. But the Supreme Court has said that prison safety and security is the most legitimate, most central, most fundamental goal for prison administrators. Overton v. Bazzetta, 539 U.S. 126, 133 (2003) ("most legitimate"); Thornburgh v. Abbott, 490 U.S. 401, 415 (1989) ("central to all other corrections goals"); Hewitt v. Helms, 459 U.S. 460, 473 (1983) ("the most fundamental responsibility"); see also Turner v. Safley, 482 U.S. 78, 86, 87, 92 (1987). It is really a compelling governmental interest. If correctional facilities aren't secure, they aren't correctional facilities. Security in such institutions is fragile. They house large numbers of persons who have been convicted of serious crimes. Those charged with the administration of correctional facilities must make safety and security their highest priority. The Court of Appeals will surely take this need into consideration.

In its most recent decision on prisoners' First Amendment rights vis a vis prison regulations, the Supreme Court required substantial deference to the professional judgment of prison administrators. Beard v. Banks, 126 S.Ct. 2572 (2006). The moderate plurality did not require factual support for the relationship between the challenged policy and the state's interests. It found judgment alone sufficient, relying on "the views" of a deputy superintendent. 126 S.Ct. at 2579. It said that, as to professional judgment, "[o]ur inferences must accord deference to the views of prison authorities." 126 S.Ct. at 2578. It upheld the challenged restrictions because "prison officials, relying on their

3

professional judgment, reached an experience-based conclusion that the policies help to further legitimate prison objectives." 126 S.Ct. at 2580. The Court upheld the restrictions although the professional judgment was expressed by one prison's deputy superintendent and the policy did not even serve security interests, but the lesser interest in rehabilitation.

The Beard v. Banks decision further stated that the Court of Appeals' insistence on more extensive evidence of the means-end fit "placed too high an evidentiary burden upon the Secretary" and gave "too little deference to the judgment of prison officials about such matters." 126 S.Ct. at 2581. In light of Beard v. Banks, the Court of Appeals is required to defer substantially to the corrections administrators' judgments in this case. Indeed, the Third Circuit has, in the past, been more deferential. It upheld a New Jersey statutory policy impinging inmates' First Amendment rights because the legislature "might reasonably have thought that [the statute] would advance the interest of rehabilitating sex offenders." Waterman v. Farmer, 183 F.2d 208, 217 (3d Cir. 1999).

Here, the head of the Department of Corrections expressed his judgment that the Department's policy regarding inmate mail from attorneys and courts served the interests of safety and security. He had worked in corrections for 30 years, at institutions and in central administration. His judgment was supported in the record by the judgment of a staff person working in internal security who had previously been a mail inspector supervisor at a correctional institution. Declaration of Charles J. McKeown, with Privileged Correspondence

4

Inspection and Contraband Report. Their judgment was supported by specific experiences over the years, some showing security breaches more seriously, or more clearly, than others. The fact that the Department never actually proved that treatment of legal mail allowed Norman Johnston to receive his escape tools does not undermine their judgment. The Department had some evidence that it did, in part.[1] That, combined with other experiences, and the corrections professionals' accumulated knowledge of prisons, inmates, mail, and legal type mail (e.g. thick transcripts, briefs) supports their judgment.[2]

    Prison administrators' decisions must be predictive; they must attempt to prevent serious harm. Hewitt v. Helms, 459 U.S. at 474. They must exercise judgment; the "facts" will rarely be conclusive. They must rely on their overall experience with inmate behavior and prison operations. Hewitt, supra. They should not have to wait until serious harm happens, then try to figure out why and address only the "proven" cause. The Court of Appeals must, legally and logically, defer to the judgment of the corrections professionals, particularly in light of Beard v. Banks, supra.

---

[1] Johnston unquestionably used a brief to smuggle drugs and blades within the prison, demonstrating the utility of this kind of document for smuggling purposes. Escape Report, p. 23.

[2] A recent federal appellate opinion even describes how an inmate received a hack saw blade in legal mail because it was less thoroughly inspected when opened in the inmate's presence. United States v. Young, 146 Fed.Appx. 824 (6th Cir. 2005).

The scope of the injunction.

Defendants also have a strong likelihood of success as to the scope of the injunction, that is, its apparent extension beyond the named plaintiffs to all inmates in the custody of the Department of Corrections. They incorporate by reference their Memorandum of Law in support of their Motion to Amend Judgment on this issue. As stated there, this extension is beyond the court's jurisdiction and violates federal statute, 18 U.S.C. § 3626(a)(1).

<u>Defendants will be injured in the absence of a stay.</u>

Defendants, who, in their official capacities, stand for the entire State Correctional Institution at Graterford and Pennsylvania Department of Corrections (which operates 26 correctional facilities), will suffer injury if the injunction isn't stayed. They will suffer increased security risks. More mail will be brought unopened inside the prisons, indeed, at most prisons, into the inmate housing units. A variety of staff persons will open and inspect it there, where much else happens, where many people congregate. The injunction will require this, as opposed to mail inspectors opening and inspecting most mail in mail rooms where mail is the only business.  Intertwined with the security burden is the administrative burden of more privileged mail and its special treatment. The evidence in the record is that in September 2002, when all mail appearing to be from courts and attorneys was treated as privileged, SCI-Graterford averaged 64 pieces of it a day just for the general population inmates (as opposed to maybe 25 in October 2004 with control numbers). Ulisny Deposition, pp. 57, 58, 60, 61, 144, 145, Exhibits 7, 8. Sixty four

inmates at that window on the maintenance corridor make a crowded corridor. Ulisny Deposition, Exhibit 5.

The public interest supports a stay.

Protection of First Amendment rights is in the public interest. But so is protection of the security of the state's correctional institutions and the safety of those who the public has incarcerated there and hired to work there. State correctional institutions are important public institutions that serve and protect the public. The public has a strong interest in their safe and secure operation.

Conclusion.

In sum, the law and circumstances here require a stay to maintain the status quo that has existed for the last five years pending the outcome of defendants' appeal. The Court should grant defendants' motion and enter a stay pending their appeal.

                THOMAS W. CORBETT, JR.
                Attorney General of Pennsylvania

By:  s/ John O. J. Shellenberger

                John O. J. Shellenberger
Office of Attorney General      Chief Deputy Attorney General
21 S. 12th Street, 3rd Floor      Attorney I.D. No. 09714
Philadelphia, PA 19107          Attorney for Defendants
Phone: (215) 560-2940
Fax:    (215) 560-1031

CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that Defendants' Motion for Stay Pending Appeal has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of Defendants' Motion for Stay Pending Appeal was mailed on May 10, 2007, by first class mail, postage prepaid to:

| | |
|---|---|
| Derrick Dale Fontroy, AY-7513<br>State Correctional Institution<br>at Fayette<br>50 Overlook Drive<br>LaBelle, PA 15450-1050 | Aaron Christopher Wheeler, BZ-2590<br>State Correctional Institution<br>at Graterford<br>P.O. Box 244<br>Graterford, PA 19426-0244 |
| Theodore B. Savage, CB-2674<br>State Correctional Institution<br>at Cresson<br>Drawer A, Old Route 22<br>Cresson, PA 16699-0001 | |

s/ John O. J. Shellenberger

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

8