IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK DALE FONTROY, I. and<br>THEODORE B. SAVAGE, JD. and<br>AARON CHRISTOPHER WHEELER<br>      PLAINTIFFS | CIVIL ACTION |
| Vs. | NO. 02-cv-2949 |
| JEFFREY A. BEARD, ET AL,<br>      DEFENDANTS | U.S. DISTRICT JUDGE<br>TIMOTHY SAVAGE |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO
BILL OF COSTS (DOCUMENT# 314)

TO THE HONORABLE, JUDGE OF THE ABOVE SAID COURT:

NOW COMES, Plaintiffs, Aaron Christopher Wheeler, Theodore B. Savage, JD., and Derrick Dale Fontroy, I., who file this "Plaintiffs' Response to Defendants' Objections to Bill of Costs (Document# 314)," and they represent the following to wit:

1. That on or about May 3, 2007 this Honorable Court granted Plaintiffs' Motion for Summary Judgment on the sole issue in this case (Whether opening and inspecting legal and Court mail outside the presence of the addressed Prisoner violated Prisoners' First Amendment Right to Free Speech?).

2. That as of May 3, 2007 Plaintiffs were pro se and were not represented by counsel.

3. That in September 2003 when Plaintiffs filed their Motion for Summary Judgment they did so pro se and also was not represented by counsel as of that filing.

4. That at the September 30, 2003 oral argument on Plaintiffs' pro se Motion for Summary Judgment, Plaintiffs argued their motion pro se and was not represented by counsel.

5. That for at least 4½ years of the 5 years that this suit was pending, Plaintiffs have litigated this case pro se and without the assistance of counsel.

6. That during this entire time (and even now) Plaintiffs have personally footed the bill for all copies, postage, filing fees, supplies, typewriter repair fees and any other costs that were involved with defending, prosecuting and litigating this suit.

7. That according to "Defendants' Motion for Stay of Proceedings on Petition for Attorney Fees and Costs (Document No. 307)," counsel, Teri Himebaugh filed a "Petition for Attorney Fees and Costs Pursuant to 42 U.S.C. § 1988" on or about May

8, 2007 (at no point in time were Plaintiffs served with a copy of this petition; and counsel was not appointed by the Court sua sponte, to represent Plaintiffs on appeal until May 14, 2007 several days after the petition for attorney fees and costs was filed).

8. That Defendants ask that Ms. Himebaugh's petition for attorney fees and costs be stayed until the outcome of their appeal to the Third Circuit, but then objects to Plaintiff FONTROY's Document# 314 "Bills of Costs".

9. That Defendants lodged the following three objections to the "Bill of Costs (Document# 314)":

   a) the document was not served on counsel for the Defendants;

   b) the document was not served on the other Plaintiffs; and

   c) the "prevailing party" has not been determined, Defendants having appealed the judgment against them, and at least one Plaintiff having appealed the judgment against Plaintiffs (Based on orders of the Court entered to date, Plaintiffs are not fully prevailing parties. The Court entered judgment against them as to some of their claims).

10. That with respect to Defendants' first objection that Defendants' counsel was not served with a copy of the document is kind of hard to conceive, when Defendants' counsel, the same counsel who said he wasn't served with a copy of the document, has filed a detailed "Defendants' Objections to Bill of Costs (Document 314)". Therefore, objection one should be overruled.

11. That Defendants' second objections is that the other Plaintiffs have not been served with a copy of the document. First, Defendants' counsel knows that Plaintiff FONTROY was suddenly transferred from SCI-Forest to SCI-Fayette after producing the "Norman Johnston Affidavit" in the retaliation case presently before U.S. District Judge Yohns. Secondly, Defendants' counsel also knows that he has been working on getting approval for Plaintiffs FONTROY and SAVAGE to correspond and that WHEELER's request to correspond with Plaintiff FONTROY has been pending for over six weeks. Therefore, it is the Defendants who have been preventing Plaintiffs from corresponding with each other and serving copies of pleadings on each other.

12. That Defendants' final objection involves a claim that Plaintiffs are not the "prevailing party". Such objection is totally frivolous for the following reason: THERE WAS ONLY ONE ISSUE BEING CONSIDERED BY THIS HONORABLE COURT (no other claims were permitted in this suit, including Plaintiffs' retaliation

claim for filing this suit). ON MAY 3, 2007 THIS HONORABLE COURT RULED ON THAT ONE ISSUE, IN THE FAVOR OF THE PRO SE PLAINTIFFS AND AGAINST DEFENDANTS.

13. That this Honorable Court spared Defendants' by granting them "qualified immunity," when if a damage hearing was conducted in this case, Plaintiffs would have been able to show that, "Yes, according to law, Defendants were entitled to "qualified immunity" from May 13, 2002 until August 24, 2006. However, from August 26, 2006 until May 3, 2007 Defendants were not entitled to "qualified immunity" since their one time warning and official notice that they were violating Plaintiffs' First Amendment Right to Free Speech came from the Third Circuit on August 24, 2006 in the JONES-v-BROWN case (the law of this Circuit as of August 24, 2006). Defendants cannot argue that they did not know, because Defendants' counsel filed an amicus curaie brief in the JONES case, which was rejected at page 14-16 of that Slip Op.; and then filed a Supplement in this case (and in both the ROBINSON and HARPER cases before U.S. District Judges Stengel and Davis) arguing that the Third Circuit got it wrong according to BEARD-v-BANKS and OVERTON-v-BAZZETTA. Defendants were aware of the law and continued to ignore it even though Plaintiff WHEELER filed an additional grievance on August 26, 2006 informing Defendants of the JONES decision and the law of this Circuit."

14. That the Defendants' Objections fail to point out what merit of the case did this Honorable Court rule in the Defendants' favor? They are appealing the judgment right? Why would you appeal a case where judgment was entered in your favor on the merits?

15. That by this Honorable Court entering judgment on the merits of this case in favor of the Plaintiffs, according to law Plaintiffs are the "prevailing party" and are entitled to "Costs and Expenses" as clearly pleaded in their "Motion for Costs and Expenses"; "Affidavit of Costs & Expenses"; and "Memorandum of Law in Support of Motion for Costs and Expenses".

16. That just as counsels (BROWN, McKENZIE, VERLAN and HIMEBAUGH) are entitled to costs and expenses for that six month period that Plaintiffs were with counsel, Plaintiffs are entitled to Costs and Expenses as the prevailing party (Defendants have inmate account records that show the postage, filing fee, typewriter repairs and other costs and expenses paid by Plaintiffs since May 13, 2002 until the present).

17. That Defendants' counsel indicates that many of the documents filed in this matter were unnecessary (just as his objections to Bill of Costs, Motion to Alter and appeal to the Third Circuit are) and thus Defendants should not have to pay for the photocopies, postage and other fees involved with filing those pleadings. However, if Defendants would have sustained Plaintiffs May 4, 2002 objections to the policy being challenged

and ruled unconstitutional there would have been no attorney fees, costs and expenses of the Pro Se Plaintiffs to pay, because this matter would have never been filed in this Honorable Court.

18. That if 42 U.S.C.A. § 1988 (b) is reviewed in provides in part:

> "In any action or proceeding to enforce a provision of § 1981, 1981 (a), 1982, 1983, 1985 and 1986 of this Title...the Court, in its discretion, may allow the **"prevailing party"**, other than the United States, a reasonable attorney's fee as part of the costs..."

Id., at 42 U.S.C.A. § 1988 (b) in part.

19. That the Defendants do not argue that Ms. Himebaugh who only represented Plaintiffs at depositions and now on appeal is not entitled to attorney fees as permitted to the "prevailing party" by § 1988 (b), however, they argue that Plaintiffs (pro se Prisoners) are not entitled to reimbursement of the monies they personally spent in defending, prosecuting and presenting this suit for 4½ years, because they are not the "prevailing party". In other words, Plaintiffs are the "prevailing party" for entry of attorney fees for Ms. Himebaugh, but are not the "prevailing party" for costs and expenses that the Pro Se Plaintiffs incurred in bringing, defending and prosecuting this suit for 4½ years!

WHEREFORE, Plaintiffs, respectfully request and pray that for all of the above set forth reasons that the Defendants' Objections to Bill of Costs (Document# 314) are OVERRULED and that Plaintiffs receive a sum of $5,150 per Plaintiff (a total of $15,450) for their costs and expenses in bringing, defending and prosecuting this suit. And the Plaintiffs will ever pray.

RESPECTFULLY SUBMITTED,

_____          _____
Theodore B. Savage, JD.                   Derrick Dale Fontroy, I.

_____
Aaron Christopher Wheeler

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, I., and
THEODORE B. SAVAGE, JD., and
AARON CHRISTOPHER WHEELER
            PLAINTIFFS

Vs.

JEFFREY A. BEARD, ET AL,
            DEFENDANTS

CIVIL ACTION     RECEIVED
                 JUN 0 7 2007

NO. 02-cv-2949
U.S. DISTRICT JUDGE
TIMOTHY SAVAGE

### ORDER OF COURT

    AND NOW, to wit, this ____ day of _____, 200__ upon consideration of "PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO BILL OF COSTS (DOCUMENT# 314)", it is hereby ORDERED and DECREED that Defendants' Objections are OVERRULED and that judgment is entered against Defendants for Costs and Expenses of the Pro Se Plaintiffs in the sum of $15,450 ($5,150 per Plaintiff [FONTROY, SAVAGE & WHEELER]); attorney fees are also awarded to Teri Himebaugh in the amount of 150% of the $15,450 judgment ($23,175) in accordance with the provisions of PLRA and FARELLA-v-HOCKADAY, 304 F.Supp.2d 1076.

    AND IT IS SO ORDERED.

                                      BY THE COURT:

                                      _____
                                      U.S. DISTRICT JUDGE SAVAGE