IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO. 02-CV-2949 |

## ORDER

AND NOW this        day of June, 2007, it is ORDERED that Plaintiffs' Motion for Costs and Expenses (Document 328) is DENIED.

---------------------------------
TIMOTHY J. SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | NO.  02-CV-2949 |

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR COSTS AND EXPENSES (DOCUMENT 328)

Plaintiff Wheeler has filed a Motion for Costs, purportedly on behalf of all three plaintiffs, in which he asks the court to award the pro se plaintiffs a sum for costs and expenses, even though most of them are not taxable costs under 28 U.S.C. § 1920.  The Court should deny the motion.

Because costs or fees of any kind can be awarded only to prevailing parties, the Court should not consider such requests until the appeals from this Court's decision have been resolved.  Only then will the prevailing parties be known.  On June 4, 2007, the Supreme Court held that success at an earlier stage in a case (preliminary injunction) does not make a plaintiff a prevailing party when the ultimate judgment is against it. Sole v. Wyner, No. 06-531, June 4, 2007.

However, even if plaintiffs end up as prevailing parties, they will not be entitled to the costs and expenses they request, except for one filing fee of $250.  They will not be entitled to payment for the requested postage, typewriter repairs, supplies, photocopied research materials, or time expended.

Pro se litigants are not entitled to attorneys' fees under 42 U.S.C. § 1988. Kay v. Ehrler, 499 U.S. 432 (1991); Pitts v. Vaughn, 679 F.2d 311 (3d Cir. 1982). Where attorneys fees are not allowed, the Supreme Court and the Third Circuit Court of Appeals strictly limit prevailing parties to the costs enumerated at 28 U.S.C. § 1920. Crawford Fitting Co. v. Gibbons, 482 U.S. 437, 441-42 (1987); West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 86, 87 (1991); In re Philadelphia Mortgage Trust, 930 F.2d 306, 307 (3d Cir. 1991). Those costs are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

This limitation to § 1920 costs applies to pro se litigants as well as counseled ones. Boyadjian v. Cigna Co., 994 F. Supp. 278, 280-82 (D.N.J. 1998); Bollitier v. International Brotherhood of Teamsters, 735 F. Supp. 623, 629 (D.N.J. 1989).

Clearly, pro se litigants, and their non-attorney helpers, cannot recover payment for time expended on the litigation. Mayberry v. Walters, 862 F.2d 1040, 1042 (3d Cir. 1988); Boyadjian v. Cigna Co., 994 F. Supp. at 282;

Bollitier v. International Brotherhood of Teamsters, 735 F. Supp. at 626-629; Buchanan v. Kropp, 1994 WL 34174 (E.D.Pa. 1994). Plaintiffs' claim for such payment must be rejected, no matter when made.

Section 1920 does not permit postage, typewriter repairs, paper, envelopes, ribbons, or correction tape. Sheffer v. Experian Information Solutions, Inc., 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003); Boyadjian v. Cigna Co., 994 F. Supp. at 281; Bollitier v. International Brotherhood of Teamsters, 735 F. Supp. at 629; Vecchione v. Wohlgemuth, 481 F. Supp. 776, 798, 799 (E.D. Pa. 1979). Plaintiffs' claims for these items must be rejected, no matter when made.

Section 1920 permits "fees for exemplification and copies of papers necessarily obtained for use in the case," but this does not include copying research materials or pleadings. Bollitier v. International Brotherhood of Teamsters, 735 F. Supp. at 629; Levin v. Parkhouse, 484 F. Supp. 1091, 1096 (E.D. Pa. 1980). Therefore, plaintiffs' claim for copying fees to copy pleadings, case law, statutes, policies, etc. does not qualify.

While plaintiffs cite some cases that appear to grant payment of expenses to pro se litigants other than § 1920 costs, they are not from the Third Circuit and are inconsistent with the currently authoritative Supreme Court and Third Circuit decisions.

The Court should deny plaintiffs' Motion for Costs and Expenses. If they are prevailing parties at the conclusion of all appeals, they can then file a bill of costs, limited to costs specified at 28 U.S.C. § 1920.

                                        THOMAS W. CORBETT, JR.
                                        Attorney General of Pennsylvania

                            By:  s/ John O. J. Shellenberger
                                        John O. J. Shellenberger

Office of Attorney General        Chief Deputy Attorney General
21 S. 12th Street, 3rd Floor        Attorney I.D. No. 09714
Philadelphia, PA 19107            Attorney for Defendants
Phone: (215) 560-2940
Fax:    (215) 560-1031

CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. The ECF System's electronic service of the Notice of Electronic Case Filing constitutes service on the following, who has consented to electronic service:

Teri B. Himebaugh, Esquire.

I further certify that a true and correct copy of DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR COSTS AND EXPENSES was mailed on June 11, 2007, by first class mail, postage prepaid to:

Derrick Dale Fontroy, AY-7513
State Correctional Institution
at Fayette
50 Overlook Drive
LaBelle, PA 15450-1050

Aaron Christopher Wheeler, BZ-2590
State Correctional Institution
at Graterford
P.O. Box 244
Graterford, PA 19426-0244

Theodore B. Savage, CB-2674
State Correctional Institution
at Cresson
Drawer A, Old Route 22
Cresson, PA 16699-0001

s/ John O. J. Shellenberger

John O. J. Shellenberger
Chief Deputy Attorney General
Attorney I.D. No. 09714

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2940
Fax:    (215) 560-1031

5