By: THEODORE B. SAVAGE, J.D.
    SCI-Cresson, #CB-2674
    P.O. Box A
    Cresson, PA 16699
    (814) 886-8181
    PLAINTIFF PRO-SE



---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK DALE FONTROY, et. al.    :    CIVIL ACTION
         Plaintiffs              :
                                 :
        vs.                      :
                                 :    No. 02-2949
JEFFREY A. BEARD, et. al.        :
         Defendants              :

MOTION FOR EXPEDITED VIDEO CONFERENCE WITH COURT,
FOR RESTRAINING ORDER, INJUNCTION, PROTECTIVE ORDER
AND/OR IMMEDIATE CAUTIONARY ORDER

TO THE HONORABLE, THE JUDGE OF SAID COURT:

NOW COMES, THEODORE B. SAVAGE, J.D., Plaintiff and he moves this Honorable Court for an Expedited Video Conference With Court, Restraining Order, Injunction, Protective Order, and/or Cautionary Order, and he avers as follows, to wit:

### JURISDICTION AND AUTHORITY OF COURT

This instant motion seeks a restraining order, injunction, protective order, and/or cautionary Order to be issued against SCI-Cresson prison officials.

While SCI-Cresson prison officials are not parties to this action, Plaintiff respectfully submits this Court has jurisdiction and authority to grant the relief sought in this instant motion pursuant to the All Writs Act, 28 U.S.C. §1651, under the circumstances surrounding this motion.

This Court is conferred inherent power to issue injunctions and orders upon SCI-Cresson officials pursuant to said All Writs Act.

This inherent power of this court to issue an injunction that effects non-party individuals was clearly determined by the United States Supreme Court in United States vs. New York Telephone Co., 98 S.Ct. 364, 434 U.S. 159 (1977), where it determined that "The power conferred by the (All Writs) Act (28 U.S.C. §1651) extends to persons who, though not parties to the original action are in a position to 'frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken affirmative action to hinder justice." Id.

This instant motion relates to acts and practices of retaliation by an SCI-Cresson Corrections Officer, Officer MOSCHGAT, who retaliatorily, unlawfully, unconstitutionally, and contrary to DOC Policy seized and confiscated a file folder of legal pleadings from Plaintiffs cell, pleadings and legal documents relating to this particular case and its current appeal pending

in the Third Circuit Court of Appeals at Docket No. 07-2446, legal documents and pleadings necessary for Plaintiff to prepare the Appellee Brief for the Appellees in the appellate court. This Officer specifically has repeatedly referred to this Courts May 3, 2007 decision during such legal material confiscation, as this Officer has been given the additional duty of opening and inspecting court and attorney mail in the inmates presence. A task he did not have previously. Without such legal documents seized, Plaintiff will be unable to prepare such Appellee Brief in the Third Circuit which will be due very shortly as a briefing schedule has been set by the appellate court, therefore, this court has inherent power under the All Writs Act to issue an appropriate order enjoining such hindering of the administration of justice in this case, directing the immediate return of such legal material that is crucial to the pursuit of the currently pending appeal before the Third Circuit Court of Appeals, in turn hindering the administration of justice in this case. Id. 434 U.S. at 174. See also: Sable vs. General Motors Corp., 90 F.3d 171 (6th Cir. 1996)(Power conferred by All Writs Act extends, under appropriate circumstances, to persons who, though not parties to original action, are in position to frustrate proper administration of justice); EEOC vs. Locals 14 & 15 International Union, 438 F.Supp. 876 (S.D.N.Y. 1977)(Inherent power of a federal court to prevent or remedy actions designed to or having effect of deterring use of courts, or punishing one for such use, is incorporated in courts power under All Writs Act even when it extends to persons not parties to the action) Royal Insurance Company of America vs. Quinn - L Capital Corp., 759 F.Supp. 1216 (N.D. Tex. 1990)(Power conferred upon court by All Writs Act includes the power to issue injunctions).

Under All Writs Act this district court has power to issue injunctions upon persons not parties to this action where their conduct "frustrates the proper administration of justice" in this case. U.S. vs. International Brothers of Teamsters, 266 F.3d 45 (2nd Cir. 2001); and U.S. vs. New York Telephone Company supra.

Based upon the allegation infra of this instant motion, the actions of SCI-Cresson prison officials, particularly, Corrections Officer MOSCHGAT are frustrating the administration of justice in this case and hindering Plaintiffs ability to prepare an Appellee Brief in the pending Third Circuit Court of Appeals, and therefore, this court has power under the All Writs Act to grant the relief sought in this instant motion.

1. That by Judgment of this Court dated May 3, 2007, it enjoined DOC Secretary Beard regarding DOC Policy, DC-ADMIN 803 as it relates to the handling of incoming court and attorney mail, requiring that all such mail be opened and inspected in the inmates presence. This includes the handling of incoming legal mail at SCI-Cresson.

2. That by means unknown to Plaintiff, all SCI-Cresson prison officials, including his Housing Unit Staff on E-Unit of SCI-Cresson are aware of Plaintiffs victory in this case, and know that it is this Plaintiff that gave Corrections Officers the additional duty of opening all incoming court and attorney mail in the inmates presence on the units, this additional duty not liked by such housing unit staff.

3. That on a number of occasions since this Courts May 3, injunction, SCI-Cresson, 2-10 shift E-Unit Corrections Officer MOSCHGAT has expressed his adverse opinion of this court injunction to Plaintiff, and has made various threats to the undersigned Plaintiff which will be more specifically set forth infra of this motion.

4. That on February 28, 2008, E-Unit Corrections Officer MOSCHGAT entered Plaintiffs cell (E-B-22) and referenced this court decision in this case, then threatened the undersigned Plaintiff with confiscation and destruction of Plaintiffs law books and legal material,

- 3 -

threatened to issue a retaliatory misconduct report to have undersigned Plaintiff placed in the RHU for "causing him extra work" (i.e. opening legal mail in the inmates presence), threatening to have the undersigned Plaintiff moved to another less favorable housing unit, and thereafter conducted a cell search of Plaintiffs cell, reading legal documents relevant to this case, a search not authorized by policy, DC-ADMIN 203, which does not authorize housing unit staff to conduct random cell searches, and instructs that only "security department staff not associated with the housing units" are to conduct such cell searches. See: <u>DC-ADMIN 203</u> at <u>www.cor.state.u.s</u> by clicking onto the "DOC Policies Link". These actions were witnessed by undersigns cellmate.

5. That as a result of the above stated conduct, Plaintiff exercised his rights to petition, and informed SCI-Cresson, Superintendents Assistant Rebecca Reifer, E-Unit Manager Darin Reid, and E-Unit 2-10 Shift Housing Sgt. Koeck, requesting they take corrective action from said officers retaliatory and intimidating conduct. No action was taken to the best of undersigns knowledge and belief. Superintendents Assistant Rebecca Reifer by memo dated March 4, 2008 specifically in writing via memo, advised undersigned that she would not take any corrective action.

6. That on March 16, 2008, again Corrections Officer MOSCHGAT came to the undersigned Plaintiffs cell, and said, "you like to sue and snitch on me to higher people, I'm gonna have your fuckin cell searched every chance I get, including today." Then threatened Plaintiffs cellmate Nicholas Singhouse by saying "and if you say you seen anything, I have you moved off the unit to J or D block, and you'll think you had the worst nightmare you could have, so mind your fuckin business ok?"

7. That as threatened by Corrections Officer MOSCHGAT, on March 16, 2008, only moments after such threat, at Corrections Officer MOSCHGATS request, the undersigned Plaintiffs cell was searched by SCI-Cresson Security Staff. <u>PLAINTIFF NOTES THE OFFICERS WHO CONDUCTED THE CELL SEARCH IN QUESTION ACTED AT ALL TIMES PROFESSIONALLY AND APPROPRIATELY FOLLOWING ALL POLICY ON CELL SEARCHES</u>. This Plaintiff alleges no wrong doing on their part, as they were merely doing the a search per Corrections Officer MOSCHGATS instructions.

8. That on March 17, 2008, again Corrections Officer MOSCHGAT came to the undersigned Plaintiffs cell (E-B-22), entered the cell while Plaintiff was preparing the Appellee Brief for the Third Circuit Court of Appeals relating to the appeal by the Commonwealth defendants in this case, at which time Corrections Officer MOSCHGAT said to undersigned, "your a real piece of shit you know that Savage, I think I'm gonna take some of this legal shit." At which time Corrections Officer MOSCHGAT picked up an approximately (5) inch stack of legal documents relating to this case that was on the cell desk saying "I'm taking this shit, and if you snitch on me about it, no one will believe you, I have your cell searched every fuckin day, and I'll have you moved to J or D Block." J and D Block are both less favorable housing units to be housed on here at SCI-Cresson than E-Block, Plaintiffs current housing unit. Corrections Officer MOSCHGAT seized such legal material, and refused to provide the undersigned Plaintiff a "Confiscated Item Receipt" as required by DC-ADMIN 203, and the DOC Code of Ethics which instructs that inmate property shall only be confiscated and disposed of as designated by DOC Policy. DOC Policy does not authorize the aforesaid legal material seizure and deprivation.

9. The aforesaid legal material relating to this case and its related appeal at No. 07-2446 has not been returned to the undersigned Plaintiff, and he is unable to in any manner complete the Appellee Brief to support this Courts May 3, 2007 decision soon due in the Third Circuit Court of Appeals, in turn "frustrating the administration of justice" in this case, as these particular documents undersigned does not have duplicate copies of, and they are directly

- 4 -

relevant to this case, and the pending brief.

10. That the facts set forth in this instant motion are evidenced by the AFFIDAVIT OF INMATE NICHOLAS SINGHOUSE attached hereto, marked "EXHIBIT - A". Witness/Inmate Nicholas Singhouse fears reprisal by Corrections Officer MOSCHGAT and other Cresson officials, such as a retaliatory housing unit change, harassment, and other adverse acts, as it is common practice of Cresson officials to retaliatorily and unconstitutionally move inmates to less favorable housing unit who either complain about housing staff, or be witnesses to such unlawful conduct. Witness Singhouse seeks protection from such retaliatory acts and practices by SCI-Cresson officials.

11. That it is well settled law that it is unconstitutional and unlawful for prison officials to take adverse actions of any kind (retaliate against) a prisoner for exercising his constitutional right of access to the courts and suing prison officials. See: Atkinson vs. Taylor, 316 F.3d 257 (3rd Cir. 2003)(retaliation against prisoner in the form of withholding documents, repeated reading of personal mail, placing him in segregation, cursing him, making derogatory statements to him, and comments referencing litigation states valid retaliation claim for prisoner exercising his First Amendment right of access to the courts in suing prison officials, and as such is well established law, prison officials are not entitled to qualified immunity from monetary damages); Mitchell vs. Horn, 318 F.3d 523 (3rd Cir. 2003)(corrections officer who planted contraband near prisoners locker in retaliation for complaints against officer and issued fabricated misconduct stated valid retaliation claim); Rauser vs. Horn, 241 F.3d 330 (3rd Cir. 2001)(prisoner claiming a retaliation claim against prison officials need not prove that he had an independent right in any privileges he is denied, as any act of retaliation is a constitutional tort in itself); Allah vs. Seiverling, 229 F.3d 220 (3rd Cir. 2000)(placement in segregation and fabricated misconduct report effectuated by prison officials to retaliate against prisoner for exercising his federally protected rights unconstitutional and unlawful); Milhouse vs. Carlson, 652 F.2d 371 (3rd Cir. 1981)(conspiratorally planned disciplinary actions as retaliation for initialing civil rights suit against prison officials infringes prisoner's First Amendment right of access to the courts); Scher vs. Engelke, 942 F.2d 921 (8th Cir. 1991)(retaliatory searches of an inmates cell, leaving the cell in disarray after such searches, could amount to cruel and unusual punishment under the Eighth Amendment, even if there was no physical abuse, injury or pain; pattern of searches showed a pattern of calculated harassment unrelated to prison needs); Jackson vs. Elrod, 655 F. Supp. 1130 (1987)(transfer of prisoner to a less favorable block to punish him for exercising his constitutional right to complain to prison officials about conditions states valid retaliation claim); Gaston vs. Coughlin, 81 F.Supp.2d 381 (N.D.N.Y 1999)(right to complain to prison officials about prison conditions is protected by the First Amendment, and prison guard violates clearly established law when he files false reports about inmate in retaliation for such complain activity); Gomez vs. Vernon, 255 F.3d 1118 (9th Cir. 2001)(sanctions and injunction prohibiting retaliation against prisoners for their litigation activity proper relief from such abuses); Thaddeus-X vs. Blatter, 175 F.3d 378 (6th Cir. 1999)(prisoners allegation that he was moved to another part of his facility in retaliation for exercising his federally protects rights stated valid retaliation claim); Bacon vs. Taylor, 414 F.Supp.2d 475 (D. Del. 2006)(prison officials who transfers prisoner to another unit and confiscates a draft of a civil Complaint in retaliation for prisoner exercising his federally protected right of court access violates prisoners right to court access and free speech); Dewalt vs. Carter, 224 F.3d 607 (7th Cir. 2000)(prison officials removal of prisoner from his prison job for reporting misconduct of corrections officer violates clearly established law).

In Wheeler & Savage vs. Beard, Civil Action No. 03-CV-4826 (E.D. Pa.), a case where this Plaintiff was a party thereof, the court determined that retaliatory and harassing cell searches, retaliatory misconducts or RHU placements, retaliatory confiscation of property or legal material, and retaliatory transfers "are unlawful". See: Civil Action No. 03-CV-4826, Order

- 5 -

dated October 12, 2005 of the Honorable Judge William H. Yohn, Jr. of this Honorable Court.

12. Amply, it is well established law that prison officials violate well established law when they read a prisoners legal documents during cell search, [Proudfoot vs. Williams, 803 F.Supp. 1048 (E.D. Pa. 1992)(corrections officer violated prisoners constitutional rights when he appeared to read legal documents during cell search)], and it is further well established law prison officials violate an inmates right of access to the courts when they confiscate legal documents or legal materials. See: Simmons vs. Dickhaut, 804 F.2d 182 (1st. Cir. 1996)(seizure of legal materials which are needed for pending case states cause of action for intentional deprivation of right of access to the courts protected by due process clause, privileges and immunities clause, and First Amendment); Wright vs. Newsome, 795 F.2d at 968(confiscation or destruction of legal materials or papers states valid constitutional claim); Carter vs. Hutto, 781 F.2d 1028, 1031-32(allegation that prison official confiscated or destroyed legal materials unlawful and unconstitutional). Also see e.g.: Fontroy Savage @ Wheeler vs. Beard, 485 F.Supp.2d 592 (E.D. Pa. 2007)(reading of legal mail by prison officials would violate prisoners right to free speech guaranteed by the First Amendment)(this courts decision).

13. A continuing deprivation of First Amendment rights in its self constitutes "irreparable injury" under preliminary injunction analysis. Abu-Jamal vs. Price, 154 F.3d 129 (3rd Cir. 1998), citing Elrod vs. Burns, 427 U.S. 347 (1976). In this case, the legal documents seized by Corrections Officer MOSCHGAT are needed immediately for the undersigned Plaintiff to prepare the Appellee Brief as stated above that is soon due on appeal in this case. This continued First Amendment deprivation itself constitutes "irreparable injury", warranting an injunction requiring that SCI-Cresson Corrections Officer MOSCHGAT immediately return to Plaintiff the legal documents seized as referenced above.

14. That the undersigned Plaintiff will suffer irreparable injury by being denied his constitutional right of court access in preparing and filing the Appellee Brief with the Third Circuit Court of Appeals thats soon due on appeal relating to this case, warranting appropriate relief from this court to protect such fundamental constitutional right of court access and free speech. Plaintiff has no other remedy at law or otherwise to seek relief from the acts and practices specified in this instant motion.

15. Should this motion be directed to the Third Circuit Court of Appeals undersigned Plaintiff will forthwith prepare and file same, as he cannot proceed on such appeal without the return of the legal material seized by SCI-Cresson Corrections Officer MOSCHGAT on March 17, 2008 stated above.

WHEREFORE, Plaintiff THEODORE B. SAVAGE, J.D., requests this Honorable Court grant him the following relief:

(a) Schedule an Expedited Video Conference with the Court;

(b) Issue an immediate restraining order, injunction, or protective Order requiring SCI-Cresson Officer MOSCHGAT to return to Plaintiff all legal documents seized from Plaintiff on March 17, 2008, and prohibiting further retaliatory and harassing cell searches, retaliatory seizure of legal materials, retaliatory housing unit changes, retaliatory misconducts or RHU placements, retaliatory reading of legal materials and legal documents, retaliatory and harassing threats of adverse actions, and prohibiting any other acts or practices of retaliation against the undersigned Plaintiff, or his witness to this motion, Nicholas Singhouse.

(c) Alternatively, issue an Order upon the SCI-Cresson Superintendent directing that he have

- 6 -

his subordinate, Corrections Officer MOSCHGAT return all legal materials seized from Plaintiff on March 17, 2008, and issuing a Cautionary Order upon SCI-Cresson officials similar to that issued by the Honorable William H. Yohn, Jr. in Wheeler & Savage vs. Beard, 03-CV-4826 (Order dated October 12, 2005), warning that acts and practices of retaliation against Plaintiff for his litigation activity, or acts and practices of retaliation against witness Nicholas Sighouse are unlawful and unconstitutional.

(d) Grant any other relief deemed appropriate under the circumstances to make said retaliation and legal material seizure cease and desist.

I hereby declare under penalty of perjury that the facts in this motion are true and correct.

Respectfully submitted,

*Theodore B. Savage*
THEODORE B. SAVAGE, J.D.
SCI-Cresson, #CB-2674
P.O. Box A
Cresson, PA 16699
PLAINTIFF PRO-SE


CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I am this day serving a true and correct copy of this motion upon John Shellenberger, Esquire, Chief Deputy Attorney General, Jeffrey Beard, Defendant/DOC Secretary, by Regular First Class Mail, and SCI-Cresson Superintendent Kenneth Cameron, by In House Mail this **18th day of March, 2008.**

*Theodore B. Savage*
THEODORE B. SAVAGE, J.D.
PLAINTIFF - PRO-SE

## AFFIDAVIT OF NICHOLAS SINGHOUSE

I, hereby declare under the penalties of perjury that the following is true and correct:

1. That I am the cellmate of inmate Theodore B. Savage, J.D., #CB-2674, and we are jointly housed at SCI-Cresson, Housing Unit E-B, Cell #22 thereof.

2. That I have read the attached (6) page MOTION FOR EXPEDITED VIDEO CONFERENCE WITH COURT, FOR RESTRAINING ORDER, INJUNCTION, PROTECTIVE ORDER AND/OR IMMEDIATE CAUTIONARY ORDER, and hereby attest that I was present during each of the stated incidents with Corrections Officer MOSCHGAT, including all threats to Mr. Savage, and seizure of his legal material on March 17, 2008, and each of these incidents, among other regarding Officer MOSCHGAT and Mr. SAVAGE have taken place. The legal material seized by Officer MOSCHGAT on March 17, 2008 was not returned to Mr. SAVAGE as of the execution of this affidavit. All facts in the attached motion are true and correct.

3. That I note for the record I fear reprisal by Officer MOSCHGAT or his fellow officers for coming forward as a witness for Mr. Savage in these regards and seek court protection from such retaliatory acts and practices, and intimidation of a federal court witness.

_____     Date:  March 17, 2008
NICHOLAS SINGHOUSE
SCI-Cresson, #HB-0839
P.O. Box A
Cresson, PA 16035

A F F I A N T


"E X H I B I T  -  A"